IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

v.                                                                                           No. 19-cv-0899 KWR/SMV

AMANDA ANAYA, KARL DOUGLAS,
THE GEO GROUP, and
NEW MEXICO DEPARTMENT OF CORRECTIONS,

    Defendants.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiffs Motion for Appointment of Counsel [Doc. 8]. The Court will deny the Motion. There is no right to appointment of counsel in a civil-rights case. In fact, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989); *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court considers the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the Complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878

(10th Cir. 1995). Moreover, there is not sufficient merit or complexity to Plaintiff's claims to warrant requesting assistance of counsel. Accordingly, the Court will deny his Motion for Appointment of Counsel.

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. 8] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**