IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

vs.                                               No. 1:19-cv-00899-KWR-SMV

AMANDA ANAYA,
KARL DOUGLAS,
THE GEO GROUP, and
NEW MEXICO DEPARTMENT OF CORRECTIONS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR A PRELIMINARY INJUNCTION**

**THIS MATTER** is before the Court on the Motion for a Preliminary Injunction filed by Plaintiff Bryce Franklin (Doc. 11). The Court will deny the request for a preliminary injunction.

In order to receive a preliminary injunction, the Plaintiff must establish four factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless injunctive relief is issued; (3) that any claimed injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, is not adverse to the public interest. *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002), *abrogated on other grounds by Audubon Soc. of Greater Denver v. U.S. Army Corp of Engineers*, 908 F.3d 593, 604 (10th Cir. 2018). A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945). Therefore, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994).

Because a preliminary injunction is an extraordinary remedy, the moving party's right to relief must be clear and unequivocal. *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). Plaintiff faces a heightened burden of showing that exigent circumstances of the case support the granting of a remedy that is extraordinary even in the normal course. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,* 389 F.3d 973, 975 (10th Cir. 2004). A Plaintiff is not entitled to relief based solely on claimed likelihood of success on the merits but must, instead, make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms. *Id.* at 976; *Edmisten v. Werholtz*, 287 F. App'x 728, 731 (10th Cir. 2008).

Plaintiff Franklin's Motion for Preliminary Injunction fails for several reasons. First, and most importantly, Franklin's claims in the Complaint arise out of his referral to the Predatory Behavior Management Program at the Penitentiary of New Mexico following his conviction for possession of escape paraphernalia while at the Northeastern New Mexico Correctional Facility. (Doc. 1-1 at 5). The claims in his Complaint are all directed to his incarceration at Northeastern New Mexico Correctional Facility and PNM. His Motion relates to the failure of either Guadalupe County Correctional Facility or Lea County Correctional Facility to allow him to purchase and possess a typewriter. (Doc. 11). He claims that Warden Horton, a non-party, has violated his rights. (Doc. 11 at 13). Franklin's Motion fails because there is no relationship between the injury claimed in the Franklin's motion and the conduct asserted in the complaint. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994).

Second, Franklin bases his request for relief on his contention that he has a constitutional right to buy a typewriter. (Doc. 11 at 12). However, Courts that have considered the issue have consistently held that prisoners do not have a constitutional right to buy or own a typewriter. A

prisoner does not have a liberty or property interest in purchasing or owning a typewriter and, therefore, his Fourteenth Amendment due process rights are not violated by prison officials refusing to allow him to have a typewriter. *Lindquist v. Idaho State Board of Corrections,* 776 F.2d 851, 858 (9th Cir.1985). Franklin does not possess a protected property interest or Fourteenth Amendment due process right in the purchase of a typewriter. *Bullock v. Peters*, 4 F.3d 996 (7th Cir. 1993). Similarly, a prisoner does not have equal protection rights under the Fourteenth Amendment. There is nothing in the Constitution or state law or regulations that grants any person a protected entitlement to a typewriter. Furthermore, a person does not gain a greater right to services or benefits upon being convicted of a criminal offense. *Nicholson v. Choctaw County,* 498 F.Supp. 295, 308 (S.D.Ala.1980); *see also Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988).

To the extent Franklin may claim that not allowing him to have a typewriter violates his Sixth Amendment right of access to the courts, that argument also fails. Because the courts, including this Court accept handwritten filings, a prisoner's cause is not prejudiced by not allowing a prisoner to purchase and own a typewriter. A prohibition against the purchase of typewriters cannot constitute denial of access to the courts. *Tarlton v. Henderson*, 467 F.2d 200, 200–01 (5th Cir. 1972). Nor does it constitute a violation of First Amendment rights. *See Williams v. Frame*, 821 F. Supp. 1093, 1099 (E.D. Pa. 1993). Because Franklin does not have a constitutional right to purchase or own a typewriter, he is unlikely to succeed on the merits of his claim for injunctive relief. *Davis v. Mineta*, 302 F.3d at 1111; *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,* 389 F.3d at 976.

Last, Franklin makes no showing of extraordinary or exigent circumstances that would justify preliminary injunctive relief in this case. Not only does it appear that Plaintiff is unlikely

to succeed on the merits of his injunctive relief claim, Plaintiff also fails to show that circumstances necessitate the granting of preliminary relief. *Edmisten v. Werholtz*, 287 F. App'x at 731. Franklin does not show any right to relief that is clear and unequivocal and his request for preliminary injunctive relief will be denied. *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d at 1281.

Franklin predicates much of his argument on the New Mexico Constitution and New Mexico prison policies and regulations. (Doc. 11). This Court's jurisdiction under 42 U.S.C. § 1983 is to remedy violations of civil rights under the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). If Franklin believes that he is entitled to relief based purely on state law for events occurring in other facilities and actions by non-parties, he should seek relief on his claim in the New Mexico state courts and not in this proceeding.

**IT IS ORDERED** that the Motion for a Preliminary Injunction filed by Plaintiff Bryce Franklin (Doc. 11) is **DENIED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**