



**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 24 2022

MITCHELL R. ELFERS
CLERK

In The United States District Court for The District Of New Mexico

Bryce Franklin
             plaintiff

        V.

Amanda Anaya
Karl Douglas
The Geo Group
             defendants

No: 19·CV·0899 KWR/SMV

## Amended Civil Complaint

## I. Introduction

This is a civil complaint brought by a state prisoner. He was referred and place in an atypical facility. This complaint alleges prison officials violated his rights by ignoring policy and transferring him without any procedural due process.

COMES NOW plaintiff Bryce franklin pro·se bringing this complaint under 42 U.S.C. ss 1983 alleging prison officials unlawfully transferred him to New Mexico's Highest level security prison known as The Predatory Behavior Management Program "PBMP"

State

## II. Jurisdiction

1.) The court has jurisdiction over the plaintiffs claims of violation of constitutional rights under 42 U.S.C. 1331(1) and 1343

2.) The court has supplemental jurisdiction over the plaintiffs state law claims under 28 U.S.C. ss 1367

## III. Parties

### Plaintiff

3.) The plaintiff was originally incarcerated at the North Eastern New Mexico Detention facility during the events described in this complaint. He was transferred to the Penitentiary of New Mexico. He has completed his legal studies certificate from Blackstone Institute with honors

### Defendants

( 1 )

4.) The defendant Karl Douglas was at all times relevant to this action, a lieutenant of security at the privately owned and operated NorthEastern New Mexico Detention facility "NeNMDf" in Clayton, NM. He is being sued in his individual capacity. He is being sued in his individual capacity.

5.) The defendant Amanda Anaya was at all times relevant a caseworker at NeNMDf. She is being sued in her individual capacity

6.) The defendant The Geo Group Inc was at all times relevant, a private corporation contracted to operate NeNMDf. It employeed defendants Douglas and Anaya.

(7)-(14) is reserved for defendants John Does, names currently unknown, who approved Franklins transfer to PBMP

(15) All defendants have acted and continue to act under color of state law at all times relevant to this complaint.

## IV facts

Background Information

16.) Corrections describes the predatory behavior management program "program" as a [b]ehavioral based program for inmates requiring enhanced supervision see Exhibit 1 [ PBMP Policy CD-141000 ]

17.) The program is designed in (4) steps. As each prisoner progresses thru the steps they will recieve behavioral programming see Exhibit 1

18.) No prisoners were recieving any programming, behavioral or otherwise for the duration franklin was classified as "PBMP"

19.) The real conditions is being locked in your cell 24 hours a day. (3) times a week they would provide showers. 2-3 times a week they might run out of cell exercise

20.) Prisoners are housed in individual cells with zero contact with other prisoners

21.) The step regression feature of the program allows any staff member to lower a prisoners "step" creating the possibility of indefinite placement see exhibit 1

(4)

22.) New Mexico First District Court declared the PBMP is an atypical facility that creates a liberty liberty in avoiding transfer see Franklin et. al., V. Fajardo D-101-CV-2018-01750. A copy of this Order is attached as Exhibit 2

<u>Conviction Leading To Mandatory Refferal</u>

23.) On January 31st, 2017 Franklin was rehoused in restrictive housing

24.) The next day he recieved an inmate misconduct report alleging defendant Douglas and two other prison officials had found "escape paraphernalia" during a cell shakedown.

25.) On February 28th, 2017 Franklin was convicted of possession of escape paraphernalia which triggered a mandatory refferal to the PBMP

<u>Unlawful Refferal, Acceptance And Transfer To PBMP</u>

26.) On March 1st, 2017 Franklin was placed on involuntary status pending transfer to the PBMP see Exhibit 3 [memorandum explaining Franklins status] see also Exhibit 4 [PBMP referral dated February 27th, 2017]

27.) Prison officials had (5) working days to take Franklin to the "Predator Behavior Management" Referral Comittee" CD-141001 pg 3.

28.) Instead on April 8th, 2017, over (30) days after notification, Franklin was taken to his Referral Committee.

29.) The point of the committee is to confirm that the inmate meets PBMP referral Criteria see CD-141001 pg 3

30.) The PBMP is designed to provide treatment to offenders who have demonstrated the inability to habilitate themselves through programs offered in general population and have engaged in predatory behavior see CD-141000 pg 3

31.) The Referal Committee, chaired by an administrator, should consist of representatives from classification, security and behavioral health see CD-141000 pg 2.

32.) An administrator is an NMCD employee holding the rank of warden, Deputy Warden, Unit manager, Classification Supervisor, Programs Manager, Major, Chief Of Security Or Above see CD-141000 pg 2.

33.) Franklin's referral committee consisted of defendants Anaya and Douglas. see Exhibit 4      It occured on May 8th, 2017 see Exhibit. 4

34.) Neither defendant qualifies as an "administrator"

35.) Mental Health was not represented

36.) At the hearing, Franklin intended to have the video footage reviewed to show the shakedown was a sham. He intended to argue he had not conducted any "predator behavior" justifying the referral. He intended to present his college associates degree and college transcripts showing he had been programming. He also intended to present proof of his R-dap graduation. [Rehabilitation program]

37.) Instead, Douglas said that the PBMP referral committee wasn't "that type of committee."

38.) The committees decision had been reached before the committee was held. see Exhibit 5 [inmate request] See also Exhibit 4

39.) In fact, Franklin's referral had been sent out March 13th, 2017, almost a 2 months before the referral committee. see ID

40.) Douglas stated this committee wasn't a place for Franklin to present evidence but merely to inform him why he was being referred

41.) On June 14th, 2017 Franklin was rehoused to the PBMP.

42.) Franklin remained at the PBMP untill February 2019

## V. Administrative Remedies

43.) Franklin has exhausted his administrative remedies in regard to all claims

## Count One: Denial Of Due Process Under The 14th Amendment

44.) Franklin incorporates paragraphes (1)-(43) as though stated fully herein.

45.) Defendant Douglas' direct involvement with the disciplinary action that triggered the PBMP referral, disqualified him as an impartial fact finder for the PBMP referral committee.

46.) Defendants Douglas and Anaya, reaching a decision on the PBMP referral before the committee was conducted, disqualifies them as an impartial factfinder for the PBMP referral committee.

47.) Defendants Douglas and Anayas' lack of impartiality connected to Franklins PBMP referral committee decision to refer and rehouse him to the PBMP, violated Franklins rights and constitutes denial of due process.

48.) Defendants Douglas and Anaya's refusal to permit the presentation of exculpatory video footage and relevant documents concerning franklin's programming violated franklin's rights and constitutes denial of due process.

49.) Defendant The Geo Group is liable for its employees actions who were acting within the scope of their duties

## Count Two: Cruel And Unusual Punishment In Violation Of The Eighth Amendment

50.) franklin incorporates paragraphes (1)-(43) as though stated fully herein.

51.) Defendants decision to refer and place franklin in The PBMP being excessive and grossly inappropriate to the alleged crime constitutes Cruel And Unusual Punishment.

## Count Three: The Tort Negligence

52.) Franklin incorporates paragraphes (1)-(43) as though stated fully herein

53.) Defendants have the statutory and contractual duty to abide by NMCD regulations <u>see NMSA 1978 33-2-15</u> see also <u>Agreement Between The Geo Group And Union County</u>

54.) Defendants breached that duty by ignoring mandatory time limits, proper procedures, and holding an improper PBMP Referral Committee <u>see NMCD policy CD-141001</u>

55.) The PBMP referral Committee was unlawful by taking place after referral was sent out, not including an administrator or mental health staff, and including a staff member directly involved by the staff member

56.) The breach of duty resulted in Franklins loss of job, severly restricted his already limited personal freedom, severly damaged family relations and resulted in physical psychological and emotion distress that accompanies long stretches of solitary confinement.

57.) The breach of duty proximately caused these injuries

58.) The defendants, being employeed at a private prison run by The Geo Group, are not public employees and not entitled to immunity the tort claims act compare to Giron V. Corrections Corp of AM 14 f. supp 2d

1245 1998 U.S. Dist Lexis 13498 (D. N. M 1998)

Count four: The Tort false Imprisonment

59.) franklin incorporates paragraphes (1)-(43) as though stated fully herein

60.) The defendants unlawful conduct in referring and placing franklin in the PBMP did result in two years of unlawful confinement in solitary confinement

61.) The defendants are not entitled to immunity see ID

Count Five: The Tort Malicious Abuse Of Process

62.) franklin incorporates paragraphes (1)-(43) as though stated fully herein.

63.) The defendants misused the PBMP administrative proceeding to get franklin transfered to an atypical facility

64.) Defendants primary motive was personal retalation and unjustified punishment

65.) The conduct of defendants resulted in two years loss of personal freedom, loss of job, damage to his relations with friends and loved ones along with mental and emotional anguish derived from his harsh conditions of confinement.

## VII Conclusion

Defendants transferred Franklin to an atypical facility without due process or just cause. His PBMP Referral committee was a sham constituting negligence, abuse of process and excessive punishment constituting Cruel and Unusual Punishment.

The PBMP is New Mexico's Super Max and designed to house inmates displaying lack of programming and predatory behavior. Franklin's alleged crime, falsely accused, was possession of 'sensitive documents'. A legit referral committee, that allowed for a defense to be presented, would have never referred Franklin to a minimum of a year of solitary confinement.

The fact that the referral was sent out and decision was made, a month before the committee occured, shows the unlawful bias. In fact, "Chairman Douglas" was directly involved in the alleged incident that triggered the mandatory PBMP Referral.

WHEREFORE: Franklin respectfully requests this court

A.) Issue A Declaratory Judgement stating that defendants violated Franklins Rights Under State And Federal Law

B.) Award Compensatory, punitive and nominal damages against each defendant individually

C.) Grant Other Such Relief He Is Entitled.

respectfully submitted by

Bryce Franklin 76394 Pro-se
P. O. Box 639 Las Cruces, NM 88004

10/1/22

## Verification

I Declare Under penalty of perjury under state and federal law pursuant to 28 USC ss 1746 the facts contained in this complaint are true, correct and based on personal knowledge

Bryce Franklin                    10/1/22

## Certificate Of Service

I Declare Under penalty of perjury, I placed a copy of this Amended Complaint in the institution mailbox with appropriate postage on October 1st, 2022 to the parties listed below

10/1/22

Bryce franklin

U.S. District Court
333 lomas Blvd NW
Albuquerque, NM 87102

Michael Jahner
4908 Alameda Blvd Ne
Albuquerque, NM 87113

# Exhibit 1

NMCD policy CD-141000-01

**DEFINITIONS:**

A. *Administrator:* NMCD Employee holding the rank of Warden, Deputy Warden, Unit Manager, Classification Supervisor, Programs Manager, Major, Chief of Security or Above.

B. *Predatory Behavior Management Program (PBMP):* Behavioral based program for inmates requiring enhanced supervision

C. *Restrictive Housing:* High Security unit temporarily housing inmates requiring enhanced supervision

D. *Special Management Administrator:* An OMS/Classification staff member appointed to review Predatory Behavior Management Program Documentation.

E. *Predatory Behavior Management Board:* Three (3) member panel appointed by the Director of Adult Prisons with sole authority to approve entry and release from Predatory Behavior Management.

F. *Predatory Behavior Management Placement Committee:* Committee, chaired by the Unit Manager, consisting of at least three (3) members, each of which must have a direct impact in the supervision, management and programming of the affected inmate.

G. *Predatory Behavior Management Referral Committee:* Committee, chaired by an Administrator, consisting of representatives from classification, security, behavioral health and the inmate.

H. *Predatory Behavior Management Team (PBMT):* A team responsible for inmate management within a distinct housing unit consisting of at least three (3) members which has a direct impact in the supervision, management and programming of the affected inmate. The chairperson of this team must be a supervisor.

I. *Transition Accountability Plan (TAP):* A plan that sets out the goals and activities for each inmate in order to prepare for a successful reintegration. In each TAP, goals will be prioritized by a TAP committee, and the inmate, to ensure the inmate's risk and needs are addressed during incarceration and throughout community supervision.

**POLICY:**

A. The Predatory Behavior Management Program (PBMP) is intended to reduce predatory behavior in the NMCD population.

B. The PBMP will provide treatment to offenders who have demonstrated the inability to habilitate themselves through programs offered in general population and have engaged in predatory behavior.



**NEW MEXICO CORRECTIONS DEPARTMENT**

"We commit to the safety and well-being of the people of New Mexico by doing the right thing, always."
Courage Responsibility Ethics Dedication - CREDibly serving the public safety of New Mexico

| ISSUEDATE: | 07/23/15 | REVIEWED: | 10/16/18 |
| EFFECTIVE DATE: | 07/23/15 | REVISED: | 10/16/18 |

**CD-141001**

TITLE: **Predatory Behavior Management Program Placement**

**AUTHORITY:**

Policy *CD-141000*

**PROCEDURE: [2-CO-4B-01]**

**Placement Criteria:**

A. **Mandatory Predatory Behavior Management Program Referral:** Inmates who engage in or conspire to engage in the following behaviors **must** be referred for placement to the Predatory Behavior Management Program (PBMP):

1. Assault on Staff, Visitors, Volunteers or Contract Employees;
2. Assault with a weapon that resulted in great bodily harm;
3. Assault with multiple suspects;
4. Engaging in or Inciting a Riot;
5. Escape or Attempted Escape (to include Possession of Escape Paraphernalia);
6. Murder or Manslaughter;
7. Sexual Assault;
8. Taking of Hostages or Kidnapping; and or
9. Threats against the Public.

B. **Discretionary Predatory Behavior Management Program Referral:**

1. Inmates who participate in an incident or behavior that the Warden deems serious enough or repetitive enough to require placement in PBMP will be referred for placement to the PBMP; the Predatory Behavior Management Board will determine if placement in the PBMP is appropriate.

2. Discretionary Referral requires the approval of the Warden.

3. Discretionary Referral based on Security Threat Group activities must involve conspiracies to commit acts that would require mandatory placement.

4. Inmates paroled or discharged from PBMP Step 4 (180 day re-entry program) and returned to NMCD, the Warden at RDC has the discretion to refer to PBMP or population.

5. The Warden at RDC has the discretion to refer inmates to PBMP who have engaged in recent high profile crimes that threaten public safety.

**C. Inmates who engaged in any above acts while in County Detention may be placed in PBMP**

**Predatory Behavior Management Referral Procedure:**

A. An Administrator will determine if the inmate meets any of the referral criteria outlined above.

B. If an investigation is necessary to determine PBMP eligibility, the investigation will be completed within fifteen (15) working days.

C. The referral will be documented on the **Predatory Behavior Management Referral** form *(CD-141001.1)*. The Referral form shall state the specific and detailed reasons that an inmate meets the eligibility criteria for placement.

D. Referral Based On Confidential Information:

　　1. No inmate shall be referred to PBMP based solely on the testimony of a single confidential informant.

　　2. A summary of the confidential information will be prepared by staff member who develops the confidential information utilizing the procedure documented in *CD-018500*.

　　3. The summary will be sufficient to allow the inmate to challenge the truthfulness of the facts and/or the need for referral, in a manner that would not inherently identify the confidential informant(s) or pose a threat to the security of the institution.

　　4. Inmate shall sign for the summary acknowledging receipt.

　　5. At least four of eight of the following criteria will be documented in order to determine the credibility of the confidential information:
　　　　• The identity of the staff member receiving the confidential information;
　　　　• Specific details of any conduct attributed to the inmate;
　　　　• The informant's basis for knowledge of the confidential information;
　　　　• Whether the informant previously had provided information which proved accurate and useful;
　　　　• The content of any statements attributed to the inmate being classified;
　　　　• The prison location where the information was received from the confidential informant;
　　　　• The date the information was received;
　　　　• What efforts were made to corroborate the information?

E. Behavioral Health will conduct a Mental Health assessment prior to the Predatory Behavior Management Referral Committee and complete a Behavioral Health clearance form that

designates either Regular Housing or APA Housing. This form will be included with the PBMP documentation.

F.  An Administrator will gather all documentation that supports referral to PBMP (i.e. Serious Incident Reports, Individual Threat Assessments, interview notes, witness statements, confidential information, etc.) prior to the Predatory Behavior Management Referral Committee.

G.  **Predatory Behavior Management Referral** form *(CD-141001.1)* will be served to the inmate at least forty-eight (48) hours prior to the Predatory Behavior Management Referral Committee.

H.  Predatory Behavior Management Referral Committee must take place within five (5) working days of Referral notification.

I.  Predatory Behavior Management Referral Committee will confirm that the inmate meets the PBMP referral criteria and verify the gathered documentation.

J.  Inmate will sign for the updated **Predatory Behavior Management Referral** form *(CD-141001.1)* upon completion of the Predatory Behavior Management Referral Committee.

**Predatory Behavior Management Placement Procedure:**

A.  An Administrator will complete the Referral Checklist portion of the **Predatory Behavior Management Placement** form *(CD-141001.2)* and forward to the Facility Warden for review of the Predatory Behavior Management Referral documentation.

B.  The Administrator will forward all Referral documentation to the Restrictive Housing Administrator of OMS immediately.

C.  The Restrictive Housing Administrator of OMS will have five (5) working days to review the Referral documentation. Upon completion of this review, the documentation will either be returned to the facility for proper completion or be presented to the OMS Bureau Chief for routing within two (2) working days to the Predatory Behavior Management Board.

D.  The Predatory Behavior Management Board will review the documentation within three (3) working days and render a decision either approving placement or denying placement. The Board must reach a consensus when approving placement.

E.  OMS Classification will transfer approved inmates to the facility managing the PBMP.

F.  The Predatory Behavior Management Placement Committee must take place within seven (7) days of receipt of approved placement packet or arrival of the inmate at the PBMP managing facility.

G. The **Predatory Behavior Management Placement** form *(CD-141001.3)* will be served to the inmate at least forty-eight (48) hours prior to the Predatory Behavior Management Placement Committee.

H. Inmate will sign for the updated **Predatory Behavior Management Placement** form *(CD-141001.2)* upon completion of the Predatory Behavior Management Placement Committee.

I. Predatory Behavior Management Appeals:

　　1. At the Predatory Behavior Management Placement Committee the inmate must be advised of the right to appeal placement. The following appeal language will be read to the inmate verbatim:

- An inmate may appeal the decision of the Predatory Behavior Management Board. The appeal will be filed using the **Appeal of Predatory Behavior Management Placement or Retention Decision** attachment *(CD-141001.A)*
- Appeal forms submitted to any individual other than the Deputy Warden will not require a response;
- The inmate must state the specific reason(s) for his or her disagreement with the decision and should include any documentation supporting their claim;
- The inmate shall submit only one appeal regarding his placement and must include <u>all</u> reasons he or she disagrees with the decision;
- The inmate shall not include other issues that are not relevant to the placement decision Such as, timelines listed in the referral or placement procedures. Such issues will not require a response;
- The inmate must submit the appeal to the facility Deputy Warden no later than fifteen (15) working days after receiving the written decision.

　　2. The Deputy Warden will collect appeals and maintain a tracking system that indicates the dates that the appeals are received and forwarded to Central Office for processing.

　　3. The Director of Adult Prisons will review the appeal and is responsible for final action. The decision will be documented and forwarded to the facility Deputy Warden, who will provide a copy to the inmate. The decision will be final and not subject to further appeal.

　　4. The Deputy Warden is responsible for providing a copy of the decision to the Unit Manager who will ensure that the copy is placed in the inmate's file and will initiate any action required based on the appeal.

J. **Inmates Sentenced to Death:**

　　1. Inmates in this status shall be subject to placement and review as outlined in this procedure.

　　2. Inmates in this status, upon initial placement, shall receive privileges equivalent

to inmates on Step 4. A death-sentenced inmate who engages in misconduct may be regressed to a lower step.

3. Inmates placed in this status that engage in misconduct, assaultive or disruptive behavior may warrant the use of Adjustment Controls, and instituting conditions of confinement procedures in *CD-141002*.

**K. CMIS Requirements:**

1. Enter all committee actions.
2. Enter all progression/retention/regression in Mapping.
3. Enter all PBMP information into the Ad Seg module and Mapping.


_____          10/16/18
David Jablonski, Secretary of Corrections              Date
New Mexico Corrections Department



# NEW MEXICO
# CORRECTIONS DEPARTMENT

"We commit to the safety and well-being of the people of New Mexico by doing the right thing, always."
Courage Responsibility Ethics Dedication - CREDibly serving the public safety of New Mexico

| ISSUEDATE: | 07/23/15 | REVIEWED: | 10/16/18 |
| EFFECTIVE DATE: | 07/23/15 | REVISED: | 10/16/18 |

**CD-141002**

TITLE: **Predatory Behavior Management Conditions of Confinement**

## AUTHORITY

Policy *CD-141000*

## PROCEDURE: [4-4273]

A.  **Evaluation (Step 1)** "Determine inmate's needs for successful return to general population."

1.  Minimum Period of Assignment: Thirty (30) Days

2.  Movement: Inmate will be escorted by at least two officers for all movement. Inmates will be restrained prior to exiting their cell, and will be escorted from their cell to the search cell where they will undergo an unclothed body search. This procedure will be repeated when the inmate is returned to their cell.

3.  Privileges:
    - Showers: three (3) days per week;
    - Recreation: one (1) hour, five (5) days per week;
    - Phone Calls: two (2) per month;
    - Visits: one (1) per month (non-contact);
    - Property: No Electronics; *all else refer to CD-150200.*

4.  Programming: All programming will be limited to in-cell programming only. Examples are as follows:
    - Journaling (continued throughout the PBMP);
    - GED;
    - Cognitive Workbook;
    - Art Therapy; and
    - Religious Programming.

B.  **Self-Accountability (Step 2)** "Developing self-accountability and moral thinking"

1.  Minimum Period of Assignment: Ninety (90) Days

2.  Movement: Inmate will be escorted by at least two officers for all movement. Inmates will be restrained prior to exiting their cell, and will be escorted from their

cell to the search cell where they will undergo an unclothed body search. This procedure will be repeated when the inmate is returned to their cell.

3.  Privileges:
    - Showers: three (3) days per week;
    - Recreation: one (1) hour, five (5) days per week;
    - Phone Calls: four (4) per month;
    - Visits: two (2) per month (non-contact);
    - Property: No Electronics besides tablets (if available); *all else refer to CD-150200.*

4.  Programming: Cognitive Group Programming to be conducted in an environment which maintains inmate separation such as Cubicles or Restraint Chairs as well as Continuation of in-cell programming. Examples are as follows:
    - Interpersonal relationships;
    - Anger Management;
    - Conflict Resolution;
    - Victim Empathy – Trauma Informed Care;
    - Thinking for a Change; and
    - MRT.

**C.   Cultural Competency (Step 3)** "Learn to adapt to diverse social groups"

1.  Minimum Period of Assignment: One-Hundred and Twenty (120) Days

2.  Movement: Inmates will be escorted for all movement. Inmates will be restrained prior to exiting their cell, and will be escorted from their cell to the search cell where they will undergo an unclothed body search. This procedure will be repeated when the inmate is returned to their cell.

3.  Privileges:
    - Showers: three (3) days per week;
    - Recreation: one (1) hour, five (5) days per week;
    - Phone Calls: six (6) per month;
    - Visits: four (4) per month (non-contact);
    - Property: *refer to CD-150200.*

4.  Programming: Advanced Cognitive Group Programming to be conducted in an environment which maintains inmate separation such as Cubicles or Restraint Chairs as well as continuation of previous uncompleted programming assignments to include in-cell programming. Examples are as follows:
    - Roots for Success;
    - Etiquette;
    - Cultural Diversity;
    - Respect for Authority;

- College courses;
- Trauma informed care.

**D.   Re-Integration (Step 4) "Socialization in small groups prior to release to General Population"**

1.   Minimum Period of Assignment: One-Hundred and Twenty (120) Days

2.   Movement: Inmates will be escorted for all movement. Inmates will be searched immediately when exiting their cell and again when the inmate is returned to their cell. Established procedures for tier time: One (1) inmate at a time, pat searched and remains seated until all inmates are searched upon start and completion of their tier time and all other movement.

3.   Privileges:
   - Showers: five (5) days per week;
   - Recreation: one (1) hour, five (5) days per week (individual cages);
   - Tier Time: one (1) hour, five (5) days per week;
   - Meals: (20) minutes per meal (congregate);
   - Phone Calls: ten (10) per month;
   - Visits: six (6) per month (non-contact);
   - Property: *refer to CD-150200.*

4.   Programming: Continuation of Advanced Cognitive Group Programming to be conducted in small congregate groups as well as continuation of previous uncompleted programming assignments to include in-cell programming. Inmates should utilize the PBMP Journal began in Step 1 to begin an exit essay explaining why NMCD should release the inmate from PBMP.

**E.   Gender Responsive Steps- Women's Facilities:**

1.   The above will be adhered to, subject to the following exceptions:

2.   Movement: Female inmates will be escorted by at least one officer for all movement. Inmates will be restrained prior to exiting their cell, and will be escorted from their cell to the search cell where they will undergo an unclothed body search. This procedure will be repeated when the inmate is returned to their cell.

3.   Minimum Period of Assignment:

   Step 1 – Evaluation – 15 Days
   - Showers: five (5) days per week
   - Recreation: one (1) hour per day, five (5) days per week, individual recreation
   - Phone: two (2) per month
   - Visits: one (1) per month
   - Property: No electronics

Step 2 – Self Accountability – 30 Days
- Showers: five (5) days per week
- Recreation: one (1) hour per day, five (5) days per week, individual recreation
- Phone: four (4) per month
- Visits: two (2) per month
- Property: electronics may be used to facilitate program needs, i.e. MP4 and TV

Step 3 – Cultural Competency – 45 Days
- Showers: five (5) days per week
- Recreation: one (1) hour per day, five (5) days per week, individual recreation
- Phone: six (6) per month
- Visits: four (4) per month
- Property: electronics may be used to facilitate program needs, i.e. MP4 and TV
- Congregate group meals, three (3) times per day. Scheduled Congregate group programming. Minimum of four (4) out of cell activity, this includes meals, group programming and tier time.

Step 4 – Socialization in Small Groups – 90 Days
- Showers: five (5) days per week
- Recreation: one (1) hour per day, five (5) days per week, group recreation
- Phone: ten (10) per month
- Visits: six (6) per month
- Tier Time: one (1) hour per day, five (5) days per week
- Property: electronics may be used to facilitate program needs, i.e. MP4 and TV

4. Electronics may be used in each step to facilitate programming needs.

5. Programming: Programs will be developed to meet the needs of the individual female inmates to promote successful return to general population.

**F.    Step Progression/Retention/Regression:**

*1.* Predatory Behavior Management Team Chairperson must evaluate the inmate using and completing the **Predatory Behavior Management Progression/Retention/Regression** form *(CD-141002.1)*

2. Inmate will be advised of all new programming assignments and conditions of confinement of the new step.

3. Inmate will be reviewed for progression upon meeting minimum step progression requirements. The Unit Manager at this time can also retain if the inmate has not successfully completed program assignments as directed by the PBMT. Progression will be determined by the PBMT and approval from the facility Deputy Warden.

4. Learning disabilities must be taken into consideration when reviewing programming participation.

5. Time spent on Pre-Hearing Detention, Restrictive Housing or outside of the Predatory Behavior Management Managing Facility will not be applied towards step progression unless approved according to Accelerated Progression standards.

6. Inmates within One Hundred and Eighty (180) days of release will automatically be placed in Step 4. If an inmate is progressed to Step 4 because he is within One Hundred and Eighty (180) days of release from prison and it is determined the inmate is no longer within One Hundred and Eighty (180) days of release from prison, the inmate will be returned to the appropriate Step.

**G.    Step Regression:**

1. Inmates who engage in or conspire to engage in any behavior that would require mandatory placement in PBMP **must** be regressed to Step 1 and will begin the program again.

2. Predatory Behavior Management Team Chairperson must evaluate the inmate using and completing the **Predatory Behavior Management Progression/Retention/Regression** form (CD-141002.1)

3. Institutional Deputy Warden must be informed that a regression may occur.

4. Inmate will be advised of all new programming assignments and conditions of confinement of the new step.

5. Step Regressions cannot be appealed.

**H.    Temporary Suspension of Privileges for all Steps:**

1. Inmates may temporarily lose a privilege when their behavior does not meet the standards for that Step. A **Temporary Suspension of Privileges for Predatory Behavior Management Inmates** form (*CD-141002.2*) must be completed and submitted to the SMT Chairperson.

2. This form will include the date, time, specific behavior of the inmate that warrants suspension of privileges and any action that may have already been taken. If action has already been taken the PBMT may still impose additional temporary suspensions of privileges as long as the maximum allowed temporary suspensions of privileges are not exceeded. Temporary suspension of privileges, and the duration of such suspension, will be documented on the **Temporary Suspension of Privileges for Predatory Behavior Management Inmates** form (*CD-141002.2*).

NUMBER: **CD-141002**      REVIEWED: **10/16/18**  REVISED: **10/16/18**      PAGE: **6**

I.    **Individual Inmate Behavior Log:**

1.  The Unit Supervisor will review all **Individual Inmate Behavior Logs** (*CD-141002.3*) at least daily and will ensure that staff members are properly completing the logs. The Shift Supervisor will review the log at least once per shift. The Unit Supervisor and Shift Supervisors shall indicate their review of the logs by noting their initials on each inmate's log. Classification Officers will collect and review Behavior logs weekly.

2.  If discrepancies are found in the behavior logs, the Unit Supervisor of Shift Supervisor is responsible for ensuring that appropriate staff takes the necessary corrective action. If Inmate behavior warrants, immediate corrective action will be taken, if possible. This action will be documented on a **Temporary Suspension of Privileges for Predatory Behavior Management Inmates** form (*CD-141002.2*) and forwarded to the Unit Manager.

J.    Inmates assigned to Predatory Behavior Management APA will adhere to conditions of confinement set above with the exceptions set in *CD-180500*.

K.    **Staff Requirements:**

1.  A correctional officer must personally observe all inmates in Predatory Behavior Management every 30 minutes on an irregular schedule. **[4-4257]**

2.  Correctional officers assigned to PBMP living areas shall be selected to meet the needs of inmates so classified and shall receive specialized training **[4-4259]**

3.  Correctional Officers will maintain the **Individual Inmate Behavior Log** form *(CD-141002.3)*, which is a permanent log and documents the following: (a) activities for the inmate; (b) inmate behavior; and (c) refusal of any service(s). **[4- 4260]**

4.  A staff sign-in log will be maintained that documents all personnel entering the unit for inspection, programming or treatment for each inmate. The Facility Quality Assurance office is responsible for retrieving the sign-in log on a weekly basis for review and shall report any discrepancies to the Warden. The sign-in logs are to be maintained as permanent logs. **[4-4260]**

6.  The Area Classification Officer shall visit all areas daily in which PBMP inmates are housed and shall be available no less frequently than once per week, to help each inmate who desires assistance or information. **[4-4258]**

7.  A qualified medical professional shall conduct sick call daily in each PBMP living area and shall examine every inmate who so requests to determine what medical care, if any, is required. A log of all sick call visits shall be maintained. **[4-4258]**

8.  The following personnel shall visit Predatory Behavior Management living areas: [4-4258]

Warden or Acting Warden: Weekly; Facility Deputy Warden: Weekly; Unit Manager: Weekly; Operations Director/Chief of Security: Weekly; Behavioral Health Clinician: Weekly Rounds; Medical Personnel: Daily Rounds *[4-4258] [4-4400]*; Classification Officer: Daily Rounds; Chaplain: Weekly; Shift Supervisor: Once per Shift *[4-4258]*; Fire, Safety, Sanitation Officer: Weekly; Physician/Mid-Level Provider: Weekly *[4-4400]*

_David Jablonski, Secretary of Corrections_
New Mexico Corrections Department

10/16/18
Date



**NEW MEXICO CORRECTIONS DEPARTMENT**

*"We commit to the safety and well-being of the people of New Mexico by doing the right thing, always."*
Courage Responsibility Ethics Dedication - CREDibly serving the public safety of New Mexico

| ISSUEDATE: | 07/23/15 | REVIEWED: | 10/16/18 |
|---|---|---|---|
| EFFECTIVE DATE: | 07/23/15 | REVISED: | 10/16/18 |

**CD-141003**

TITLE: **Predatory Behavior Management Release**

## AUTHORITY

Policy *CD-141000*

## PROCEDURE: [4-4254]

**A.   Unit Manager PBMP Release Review:**

1. 30 days prior to completion of step 4, the following release review process will occur:

    a. Security Threat Intelligence Unit will complete an Individual Threat Assessment on Suspected or Validated inmates.

    b. Inmate will complete an exit essay;

    c. Unit Manager will collect all relevant documentation for Release to include, but not limited to:
    - **Predatory Behavior Management Release Review** form *(CD-141003.1);*
    - Copy of **Predatory Behavior Management Referral** form *(CD-141001.1)* used for Referral into PBMP;
    - STIU evaluation, if the inmate is an active member of a Security Threat Group or disruptive group;
    - Copy of the exit essay written by the inmate while on Step 4.

    d. Serve inmate hearing notice 48 hours prior to PBMP Release Review.

    e. During Release Review committee inmate will conduct an Exit Essay Presentation and identify goals on how he will succeed in population.

2. Unit Manager will review all prior **Predatory Behavior Management Progression/Retention/Regression** forms *(CD-141002.1).*

3. If it is determined that the inmate meets the minimum requirements for completion of Step 4, the Unit Manager must evaluate the inmate using and completing the **Predatory Behavior Management Release Review** form *(CD-141003.1).*

4. Facility Deputy Warden will review the **Predatory Behavior Management Release Review** form *(CD-141003.1).*

5. Unit Manager will forward this documentation to the Warden who will review for accuracy and completeness. The Warden will then either forward the completed Release Packet to the Special Management Administrator or return to the Unit Manager specifying the action to be taken.

6. The Special Management Administrator will present the Release Packet to the Predatory Behavior Management Board

7. The Predatory Behavior Management Board will review the release documentation within five (5) working days and render a decision either approving release or denying release and specifying the action to be taken by the facility.

8. Upon release from PBMP the inmate will be referred to a medium security institution (Level III or IV) Inmates will not be released directly to a minimum security facility (Level I or II)

9. If the Predatory Behavior Management Board denies release from PBMP, the reasons for this decision will be documented and forwarded to the Unit Manager, who will provide a copy to the inmate. If the denial is based in whole or in part on new information, the new information must be included in this documentation. The inmate will be given the right to appeal this decision. The appeals procedure will be handled in accordance with CD-141001

10. Every 12 months, inmates who remain in PBMP will be reviewed by the UMT for justification of continued placement. The Release review will be forwarded to the Special Management Administrator.

11. The Security Threat Intelligence Unit Coordinator or designee will complete evaluation of every inmate who is an active member of a Security Threat Group prior to his release from PBMP. The Unit Manager will be responsible for providing a list of inmates to the STIU Coordinator at least 30 days prior to each inmate's completion of PBMP.

12. If new information has been received that makes the Unit Manager believe that placement in PBMP is no longer appropriate a Predatory Behavior Management Release Review will be done immediately.

13. Special Reviews may be ordered by the Director of Adult Prisons.

_signature_

_____
David Jablonski, Secretary of Corrections
New Mexico Corrections Department

10/16/18
Date



Exhibit 2

Procedural Order from First District Court
Franklin V. Fajardo D-101-CV-2018-01750

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**



FILED
FIRST JUDICIAL
DISTRICT COURT

2018 NOV -5  PM 2: 45

No.  D-101-CV-2018-01750

**BRYCE FRANKLIN, PATRICK HEARD and**
**MATT HURST**
            **Petitioner,**

vs.

**DAVID FAJARDO, Warden**
            **Respondent.**

<u>**PROCEDURAL ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**</u>

      This matter having come before the court on petitioner's petition for a writ of habeas corpus or other pleading pursuant to Rule 5-802 NMRA of the Rules of Criminal Procedure for the District Courts, the court having reviewed the record and being otherwise fully advised in the premises, FINDS AND ORDERS THAT:

1. Petitioners filed their Petition seeking habeas relief on May 25, 2018. The petition seeks to challenge the conditions of confinement related to the Predatory Behavior Management Program (PBMP) at the Penitentiary of New Mexico.

2. The Petitioners have chosen to proceed pro se, having waived the assistance of counsel in their petition.

3. Habeas corpus in not a proceeding in which multiple petitioners are joined in an action. Instead, each Petitioner needs to file a claim related to his own conditions of confinement. The proceeding before the court, while including sworn statements from Petitioners Hurst and Heard, actually relate to claims made by Petitioner Franklin, therefore Petitioner's Hurst and Heard are dismissed from the habeas action and this order will address claims made by Petitioner Franklin.

4. The PBMP is a close custody Super Maximum environment in which inmates are isolated from having physical contact with other human beings. Inmates are confined to their cell twenty-three (23) hours per day, are permitted one-hour of isolated exercise outside of their cell five times per week, three showers per week, two phone calls per month, and one non-contact visit per month. "The touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." Id., at 484. The isolation and solitary conditions of confinement employed within the PBMP are atypically and significantly harsh in relation to the ordinary incidents of prison life, thereby conferring a liberty interest on Petitioner in avoiding being placed into said restrictive environment.

5. Petitioner is challenging his placement in the Predatory Behavior Management Program. (PBMP). CD-141001 sets out the criteria for placement in the PBMP. The criteria includes both mandatory and discretionary placement. While the Petitioner has provided the Court with the forms used for placement and the policies relating to placement, he has not provided the actual placement forms related to him. Petitioner fails to include the referral and placement paperwork, choosing to only include the appeal from the placement.

6. Habeas R. 5-802(D) requires that an inmate attach the paperwork necessary to determine if a Petitioner's rights have been violated in a manner requiring habeas relief. However, Petitioner has not included all the paperwork relating to his referral and placement in PBMP and any grievance, if any, that was filed as a result of that placement.

7. Petitioner has numerous other petitions pending in this court that address the same issue, but as it relates to this petition, the Court does not have jurisdiction to address the issue presented because Petitioner failed to attach the appropriate documents.

8. In addition, Petitioner has filed a motion to be permitted to purchase a typewriter, this issue has been addressed previously in another case in this court and it was denied. Petitioner assumes in the motion that the Court treat handwritten documents with less credibility than typed documents. This is not true. Finally Petitioner has not indicated that he attempted to purchase the typewriter from an approved vendor and the request was denied. This Court will likewise deny the motion.

The Petition is DISMISSED and the case is CLOSED.

MARY MARLOWE SOMMER
District Court Judge

Notice on date of filing to:

- Bryce Franklin, #76394, PNM, P.O. Box 1059, Santa Fe, New Mexico 87504-1059;
- Brian Tucker, Managing Attorney Post Conviction Habeas Unit, Law Offices of the Public Defender, 505 Marquette Ave., NW Suite 120, Albuquerque, NM 87102;
- Mark Lovato, Office of the Attorney General, 111 Lomas Blvd, NW #300, Albuquerque, NM 87102-2368.

Exhibit 3

PBMP Memorandum

# ᴍEMORANDUM



**The GEO Group, Inc.**

Date:  3/1/2017

To:   Major Montoya

cc:

From:  Captain Grice

**Northeast New Mexico Detention Facility**
185 Dr Michael Jenkins Road
Clayton New Mexico 88415

www.thegeogroupinc.com

**RE:   FRANKLIN BRYCE #76394**

On January 31, 2017, at approximately 1300 hours, a Pre-Hearing Detention Placement occurred at the Northeast New Mexico Detention Facility.

During the course of searching Housing Unit 2 Echo Pod Cell #214 Lt. Karl Douglas discovered escape paraphernal, escape flyer-transport order-memo written by staff, in the property of Inmate Bryce Franklin NMCD #76394. All of the evidence was turned over to the Security Threat Intelligence Unit. Inmate Franklin received a Major Level Misconduct Report for A/13 Possession of Escape Paraphernal. Inmate Franklin will remain in said status pending a 24 hour review with the Chief-of-Security or his designee.

On March 1, 2017 Inmate Franklin was placed into Involuntary Status pending transfer to the Predatory Behavior Management Program.

Exhibit 4

PBMP Referral

Form CD-141031.1
Revised 07/23/15 (Page 1)

# NEW MEXICO DEPARTMENT OF CORRECTIONS
## Predatory Behavior Management Referral

INMATE NAME: Franklin, Bryce NMCD#: 76394 DATE: 2/27/2017

Reason for Predatory Behavior Management Referral
- ☐ Assault on Staff, Visitor or Volunteer
- ☐ Assault with a weapon resulting in Great Bodily Harm
- ☐ Assault with multiple suspects / assailants
- ☐ Engaging in or inciting a Riot
- ☒ Escape or Attempted escape (including possession of Escape Paraphernalia)
- ☐ Murder or Manslaughter
- ☐ Sexual Assault
- ☐ Taking of Hostages or Kidnapping
- ☐ Threats against the Public
- ☐ Discretionary Placement (Approved by Warden)

### NARRATIVE of Facts justifying placement in Special Management:

On January 31, 2017 at the Northeastern New Mexico Detention Facility inmate Franklin was found in possession of security sensitive documents and is being considered an escape risk.

At approximately 1300 hours, during the course of the facility wide shakedown, a cell search of Housing Unit Two E-Pod Cell #214 was conducted. At this time, the cell was assigned to Inmate Bryce Franklin, NMCD# 76394. Inmate Franklin's property was searched by Officer L. Romero, Sgt. P. Rael and Lt. K. Douglas. This search uncovered several documents that inmates are not authorized to posses. The documents are security sensitive and is considered a threat to the security of the institution. Inmate Franklin did have in his possession; an original copy of a Transport Order with his information, an original copy of his New Mexico Corrections Department Escape Flyer, and also a copy of a confidentail memorandum that is directly related to an ongoing investigation involving a staff member.

_a. anaya_
Administrator

_5/4/17_
Date

_X_
Signature of the Warden (Discretionary Placement Only)

Date

### HEARING NOTICE:

You are hereby served this copy on __4th__ day of __May__, 20 _17_, at _10.00_ (am)/(pm).

You are hereby notified you are scheduled for hearing on: __8th__ day of __May__, 20 _17_, at _10:00_ (am)/(pm).

*Inmate Acknowledgement: At my hearing I will be notified of my right to appeal; I acknowledge receipt of a copy of the referral for predatory behavior management. I hereby waive my right to 48 hour notice ⟨scribble⟩ initials

_Bryce Franklin_
Inmate / Print Name

_5/4/17_
Date

_Anaya_
Serving Employee / Print Name

_5/4/17_
Date

Form CD-141001.1
Revised 07/23/15 (Page 2)

## NEW MEXICO DEPARTMENT OF CORRECTIONS
### Predatory Behavior Management Referral

INMATE NAME: Franklin, Bryce NMCD#: 76394 DATE: 2/27/17

| | | |
|---|---|---|
| Decision: Refer to Predatory Behavior Management Program ☑YES ☐NO Justification: Possession of escape risk/security sensitive documents. | | |
| _____ Committee Chairperson (sign) | / K Douglas print | 5/8/17 Date |
| Date of Hearing: 5/8/17 | Time of Hearing: 0957 | Location of Hearing: RHU |
| Member Present: CA | Member Present: | Member Present: |

**ADMINISTRATIVE REVIEW:**

☑AFFIRM   ☐MODIFY   ☐REVERSE

Comments:

_____
Warden / Designee Signature

_____
Inmate Signature

_____
Date

_____
Date

Form CD-141608.2
Revised 07/23/15 (Page 1)

## NEW MEXICO DEPARTMENT OF CORRECTIONS
### Predatory Behavior Management Placement

INMATE NAME Franklin,Bryce___ NMCD#:_76394____ DATE:_2/27/2017____

*Referral Checklist*

| | |
|---|---|
| A completed Predatory Behavior Management Referral form | Yes☒ No☐ |
| Documentation supporting the facts used for referral | Yes☒ No☐ |
| If confidential information was used as a basis of referral | |
| A summary of Confidential Information that identifies at least four of the eight factors | Yes☒ No☐ N-A ☐ |
| The actual CI information document that contains all the information | Yes☒ No☐ N-A ☐ |
| A current Mental Health Clearance (Mental Health designates either regular housing or APA | Yes☒ No☐ |
| Copies of all documents are filed on the inmate's central file | Yes☒ No☐ |
| Both the Summary of CI is to be placed in the central file. Actual confidential information is to be stored in a secure location at the warden's office.) | |

_____         _____ 5/4/17
Administrative Supervisor                    Date

_____         _____ 6/4/17
Warden Signature                             Date

Special Management Board Review and Action:

☐ Denied:  Specific action to be taken by facility.

☒ Approved For Placement in Predatory Behavior Management.   ☐ Regular Housing   ☐ APA

_____         5/12/17
Special Management Board                      Date

_____         5/17/2017
Special Management Board                      Date

_____         5-19-17
Special Management Board                      Date

HEARING NOTICE:
You are hereby served this copy on ___ day of ___, 20___ at ___ (am/pm).
You are hereby notified you are scheduled for hearing on: ___ day of ___, 20___ at ___ (am/pm).
*Inmate Acknowledgement: At my hearing I will be notified of my right to appeal; I acknowledge receipt of a copy of the referral for predatory behavior management. I hereby waive my right to 48 hour notice (___) Initials

_____   Bryce Franklin      6/6/17
Inmate                      Print Name           Date

_____   Woreion             6/6/17
Serving Employee            Print Name           Date

Predatory Behavior Management Committee:

| Date of Committee | Time of Committee | Location of Committee |
|---|---|---|
| | 430 | |
| _____ 6-16-17 | _____ | _____ |
| Committee Chairperson  Date | Committee Member  Date | |

EXHIBIT
4

Exhibit 15

Committee Member _____ Date _____

Form CD-141001.2
Revised 07/23/15 (Page 2)

## NEW MEXICO DEPARTMENT OF CORRECTIONS
### Predatory Behavior Management Placement

INMATE NAME: _____ NMCD#: _____ DATE: _____

| Special Management Placement Committee: | |
|---|---|
| I was advised that I am being placed in Predatory Behavior Management Program | (__) Inmate Initials |
| I was given a summary of facts that justify placement in Predatory Behavior Management Program | (__) Inmate Initials |
| I was advised of my right to appeal placement in Predatory Behavior Management Program | (__) Inmate Initials |
| I was advised of the programming I will be involved in during the initial phase of placement in Predatory Behavior Management Program | (__) Inmate Initials |
| I was advised of the conditions of confinement while in Predatory Behavior Management Program | (__) Inmate Initials |
| I was advised of what is expected of me to progress and to ultimately be released from Predatory Behavior Management Program | (__) Inmate Initials |

_____
Inmate Signature

Date _____

Form CD-141002.1
Revised 10/05/17

## NEW MEXICO CORRECTIONS DEPARTMENT
### Predatory Behavior Management Progression/Retention/Regression

INMATE NAME: __Franklin, Bryce__          NMCD#: __76384__     CURRENT STEP: __3__

**Progression/Retention Review**

| | |
|---|---|
| Inmate has completed the minimum amount of time that must be spent in the currently assigned step. | Yes ☒ No ☐ |
| Inmate was evaluated for acceptable behavior (e.g., proper interaction with staff and other inmates, an absence of severe or repeated behavior log entries, suitable cell conditions, etc.) | Yes ☒ No ☐ |
| Inmate has not received a disciplinary report for 30 days if on Step1, 90 days if on Step 2 or 120 days if on Step 3 | Yes ☒ No ☐ |
| Inmate has been participating in the program assignments | Yes ☒ No ☐ |
| Inmate has successfully completed all assignments as directed by PBMT | Yes ☐ No ☒ |
| Inmate is within 180 days of Projected Release Date (progress to Step 4) | Yes ☐ No ☒ |

Decision: Progress to Step __4__ Retention ☐     Effective Date: __4/23/2018__

s/ __J. Eaton__ _____    __4/23/2018__
Unit Management Team Chairperson                Date

s/ __R. Cormier__ _____    __4/23/2018__
Unit Management Team Member                    Date

s/ __Sgt. Morris__ _____    __4/23/2018__
Unit Management Team Member                    Date

**Regression Review**

| | |
|---|---|
| Inmate has participated in an incident that would result in Mandatory Placement in Predatory Behavior Management | Yes ☐ No ☐ N/A ☐ |
| Received severe or non-compliant behavior log entries | Yes ☐ No ☐ N/A ☐ |
| Inmate shows unpredictable or disruptive behavior | Yes ☐ No ☐ N/A ☐ |
| Inmate is unwilling to participate in programs or the special management team process | Yes ☐ No ☐ N/A ☐ |
| Inmate has received a Major level disciplinary report or Severe Minor Level disciplinary report | Yes ☐ No ☐ N/A ☐ |
| Inmate shows a pattern of minor level disciplinary reports | Yes ☐ No ☒ N/A ☐ |
| Institutional Deputy Warden has been informed that a regression may occur | Yes ☐ No ☒ |

Decision: Regress to Step 1 ☐ Step 2 ☐ Step 3 ☐ Do Not Regress ☐ Effective Date: _____
(Inmate must be regressed to Step 1 if the inmate has participated in behavior that would result in Mandatory Placement in Special Management)
Justification:

_____
_____
_____
_____
_____
_____

s/ _____
Unit Management Team Chairperson                Date

s/ _____
Unit Management Team Member                    Date

s/ _____
Unit Management Team Member                    Date

s/ _____
Mental Health Staff                            Date

xc:     Unit Manager          Classification Officer
        Housing Sgt.          Inmate File

Exhibit 5

Inmate Request Form

E.



GEO
The GEO Group, Inc.

## NORTHEAST NEW MEXICO DETENTION FACILITY

### INMATE REQUEST FORM

INMATE'S NAME: Bryce Franklin          NMCD#: 76394

HOUSING: Caseworker Anaya          POD: ____   CELL: ____   BED: ____

STAFF MEMBER: ~~Star Anaya~~ aka Spatler          DEPARTMENT: Caseworker

REQUEST (PLEASE PRINT): copy of grievance policy, another phone list, 10 request forms, 5 (informals) & 5 grievances, date of referral sent out

                                                          3/28/17

INMATE'S SIGNATURE                                        DATE

RESPONSE: March 13th was when your referral was sent out.

STAFF SIGNATURE: Anaya          3/30/17
                               DATE

Exhibit 6

Inmate Misconduct Report

NEW MEXICO CORRECTIONS DEPARTMENT
INMATE MISCONDUCT REPORT

Form CD-090101.1
Revised 06/04/14

3 A 210
NP

| | | Date Written: January 31, 2017 |
|---|---|---|
| | Log # NE1701-V | Time Written: 13:53 hours |

| Name: Bryce Franklin | NMCD: 76394 | Facility: NENMDF | Unit: H2-E-214 |
|---|---|---|---|
| Date of incident: Tuesday, January 31, 2017 | Time of incident: Approximately 1300 hours | Location of incident: STIU Monitoring Room | |

**CHARGE(S):** A (13) (d.) Possession of Escape Paraphernalia: Having in possession , or receiving from or giving to another inmate, or fashioning or manufacturing, or introducing or arranging to introduce into the facility, any escape paraphernalia, including but not limited to

A (20) Possession of Dangerous Contraband: Possessing, using or having under control or in custody any item defined as dangerous contraband

**REPORTING EMPLOYEE'S STATEMENT:** On Tuesday, January 31, 2017 and during the facility wide shakedown, a cell search was conducted in the cell assigned to Inmate Bryce Franklin NMCD#76394. This search uncovered several documents that an inmate are not authorized to possess. The documents are security sensitive and possess is considered to be a threat to the security of the institution. Inmate Franklin had in his possession an original copy of a transport order, a copy of his New Mexico Corrections Department Escape Flyer and a copy of a confidential memorandum that is directly related to an ongoing investigation involving staff. Inmate Franklin refused to divulge how he came to be in possession of these documents.

| Pre-Hearing Detention? | (X) Yes   ( ) No |
|---|---|
| Use of Force? | ( ) Yes   (X) No |
| Are Witness Statements Attached? | (X) Yes   ( ) No |

| Name of Staff Witnesses: | C/O L. Romero, Sgt P. Rael, Lt K. Douglas | |
|---|---|---|
| Reporting Employee's Signature: *Dan L Jackson* | Print Name: D. Jackson | Title: Sergeant/ STIU Investigator |
| Evidence Submitted to: submitted to disciplinary | | |
| Supervisor Signature: | Printed Name: Sgt John Herrera | Supervisory Review: Date: 2/1/17  Time: 1000 A.M |
| Received by Disciplinary; Date: 2/2/17   Time: 07:00 | Disciplinary Officer's Signature: R Green | |

Received by

FEB 0 2 2017

Disciplinary GEO.0008

Bryce Franklin 76394
P.o. Box 639 Las Cruces, NM 88004
10/1/22

U. S. District Court Clerk

Re: Franklin V. Anaya et. al.,
No: 19-CV-0899 kWR/SMV

Dear Court Clerk,

Please filed the enclosed and mail me a copy back

Thanks

Bryce Franklin 76394
P.O. Box 639
Las Cruces, NM 88004

legal

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 24 2022

MITCHELL R. ELFERS
CLERK

U.S. District Court
333 lomas Blvd NW
Albuquerque, NM 87102

