IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

v.                                                            No. 1:19-cv-00899-KWR-SMV

AMANDA ANAYA, KARL DOUGLAS,
THE GEO GROUP, and the NEW
MEXICO DEPARMENT OF CORRECTIONS,

    Defendants.

## ORDER REOPENING CASE

**THIS MATTER** is before the Court on Plaintiff Bryce Franklin's Motion for Reconsideration filed November 3, 2022 (Doc. 24) (the "Motion"). In a Memorandum Opinion and Order ("MOO") entered July 21, 2022, the Court dismissed Plaintiff's original complaint without prejudice and granted him a deadline, which was later extended, within which to file an amended complaint. (Doc. 16). After the extended deadline passed, the Court dismissed the original complaint with prejudice for failure to amend and entered a final judgment. (Docs. 20, 21). Plaintiff then filed an Amended Complaint (Doc. 22), followed by the Motion in which he seeks relief from the final judgment so that the Amended Complaint may be considered on its merits. The Court finds that the Motion is **WELL TAKEN** and should be **GRANTED.**

The Court filed its Order of Dismissal and Final Judgment on October 14, 2022. (Docs. 20, 21). Plaintiff's Amended Complaint was docketed on October 24, 2022, eighteen days after the extended deadline. The Motion was filed twenty days after the Final Judgment, on November 3, 2022. In the Motion, Plaintiff relies on the "Prison Mailbox Rule" to contend that his Amended Complaint was timely filed, warranting relief from the Order of Dismissal and Final Judgment.

Based on the timing and substance of the Motion, the Court construes it as a motion to alter

or amend a judgment under Federal Rule of Civil Procedure 59(e). *See id.* ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (A motion to reconsider filed within the timeframe designated in Rule 59(e) timeframe is construed under that rule). Grounds that justify altering or amending a judgment pursuant to Rule 59(e) include a need to correct clear error or prevent manifest injustice. *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (citing *Does*, 204 F.3d at 1012).

Pursuant to the Prison Mailbox Rule, "a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing." *Hall v. Scott*, 292 F.3d 1265, 1266 n.1 (10th Cir. 2002). In the Amended Complaint, Plaintiff avers that the pleading was placed in the institution's mailbox with proper postage on October 1, 2022, before the extended deadline expired. Assuming the truth of this averment, the Amended Complaint was timely filed under the Prison Mailbox Rule. The interests of justice are therefore served by granting Plaintiff's Motion. The Court will therefore **GRANT** the Motion, **WITHDRAW** Order of Dismissal and Final Judgment (Docs. 20-21) and **REOPEN** this case.

**IT IS THEREFORE ORDERED THAT:**

(1) The Motion **(Doc. 24)** is **GRANTED**.

(2) The Order of Dismissal **(Doc. 20)** and the Final Judgment **(Doc. 21)** are **WITHDRAWN**; and

(3) The Clerk's Office **SHALL REOPEN** this civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**