IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

v.                                                                                                          No. 1:19-cv-00899-KWR-SMV

AMANDA ANAYA, KARL DOUGLAS,
THE GEO GROUP,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Bryce Franklin's Amended Civil Complaint, docketed October 24, 2022. (Doc. 22) (the "Amended Complaint"). Plaintiff's original Complaint (Doc. 1-1) was dismissed at the screening stage on July 21, 2022, and the Court granted leave to amend. (Doc. 16). Plaintiff is incarcerated and proceeding *pro se*. He seeks damages against under 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising from his placement in the Predatory Behavior Management Program (PBMP). (Doc. 22 at 1). He also seeks to state claims arising under New Mexico tort law. Having reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court concludes it should be dismissed for failure to state a claim upon which relief may be granted.

    I.      Background.

Plaintiff's original complaint (Doc. 1-1) was dismissed on July 21, 2022, for failure to state a claim. (Doc. 16). The Court gave Plaintiff an opportunity to cure the pleading defects by filing an amended complaint within thirty days. (Doc. 16). The then Court granted Plaintiff's a motion to extend the deadline, allowing Plaintiff an additional forty-five days within which to file an amended complaint. (Docs. 17-18). Eight days after the extended deadline expired, the Court

dismissed the case and entered a final judgment. (Docs. 20-21). Ten days later, Plaintiff filed the Amended Complaint. (Doc. 22). He then filed a motion seeking reconsideration of the final judgment, invoking the Prison Mailbox Rule to argue that his Amended Complaint was timely filed. (Doc. 24). The Court granted the motion and reopened the case. (Doc. 31). Procedurally, Plaintiff's case is now in the same position it would be if Plaintiff had filed the Amended Complaint by the deadline initially set, and later extended, by the Court. This Memorandum Opinion and Order addresses whether the Amended Complaint states a claim, after notice of the original pleading defects and an opportunity to cure.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes without deciding that the following facts taken from the Amended Complaint are true. Plaintiff was originally incarcerated at the Northeast New Mexico Correctional Facility ("NNMCF"). (Doc. 22 at 3). Pursuant to a disciplinary decision, was referred to the Predatory Behavior Management Program ("PBMP") and transferred to the Penitentiary of New Mexico where the program is administered. (Doc. 22 at 5). Defendant Karl Douglas is a lieutenant of security at NNMCF. (Doc. 22 at 4). Defendant Amanda Anaya is a caseworker there. (Id.). Defendant Geo Group is a private corporation that operates NNMCF. (Id.).

In a prison disciplinary proceeding in February 2017, Plaintiff was convicted of possession of escape paraphernalia, which triggered a mandatory referral to the PBMP. (Doc. 22 at 6). Pursuant to New Mexico Corrections Department ("NMCD") policy, Plaintiff should have been taken to a referral committee five days later. (Doc. 22 at 7). Instead, he was taken to a referral committee more than thirty days later. (Id.). NMCD policies govern the composition of the referral committee, requiring a warden, deputy warden, unit manager, classification supervisor, programs manager, chief of security or higher-ranking official. (Doc. 22 at 7). Plaintiff's committee,

comprised of Anaya and Douglas, allegedly did not satisfy this requirement. (Doc. 22 at 7). Plaintiff alleges numerous facts supporting his asserted theory that he was deprived of due process during the committee meeting which led, eventually, to his placement in the PBMP. (Id. at 8-10).

Plaintiff was in the PBMP from June 14, 2017 to February 2019. (Doc. 22 at 8). The PBMP is a four-step behavioral based program for inmates requiring enhanced supervision. (Doc. 22 at 5). As an inmate progresses through the steps, they are to receive certain privileges and programming as established in New Mexico Corrections Department Procedure. (Doc. 22 at 5, 23-25). Plaintiff alleges that while he was in PBMP, he did not receive any programming, he was locked in his cell 24 hours a day without contact with other prisoners, allowed 3 showers a week, and given out-of-cell exercise 2-3 times a week. (Doc. 22 at 5).

Based on the foregoing, Plaintiff claims that he was deprived of his due process rights guaranteed by the Fourteenth Amendment and that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 22 at 9-10). He also seeks to state tort claims under the following theories: Defendants negligently breached certain contractual and statutory duties; false imprisonment; and malicious abuse of process. (Doc. 22 at 10-12).

**II.   Analysis.**

A. Standard of Review.

The Amended Complaint is subject to screening under 28 U.S.C. § 1915A.  The Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* The Court may *sua sponte* dismiss a pro se complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). *Hall v. Bellmon*, 935 F..2d 1106, 1109-10 (10th Cir. 1991). While these standards apply to pro se and counseled litigants alike, *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994), *pro se* pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall*, 935 F.2d at 1110.

  B. <u>Plaintiff's Section 1983 Claims Must Be Dismissed.</u>

Plaintiff raises claims under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States for persons who have been deprived of those rights by a person acting under color of state law. As previously explained, to prevail in a § 1983 claim, a plaintiff must prove the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

  1. <u>Plaintiff's Claims Against GEO Group</u>.

To the extent Plaintiff seeks to state a claim against GEO group under § 1983 for a deprivation of his rights under the Eight and or Fourteenth Amendments to the United States Constitution, he has not pled sufficient facts to support such a claim. To succeed in a § 1983 action

against a corporate entity, a plaintiff must prove that a corporate employee or agent, acting in conformity with a policy or custom of the corporation deprived him of his Constitutional rights. *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dept. of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690-95 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). "Custom" in this context refers to "persistent and widespread discriminatory practices of state officials" that are not authorized by written law" but "could . . . be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. Plaintiff has not identified any such custom or policy. Instead, it appears that he seeks to hold GEO Group liable for the conduct of its employees. But it is established that "[a] private corporation such as GEO Group, Inc., 'cannot be held liable solely because it employs a tortfeasor—or, in other words ... cannot be held liable under § 1983 on a respondeat superior theory.'" *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005) (unpublished) (quoting *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978)); *see Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215-17 (10th Cir. 2003) (holding that a private entity can only be held liable under Section 1983 if it had a policy that was the direct cause or moving force behind the constitutional violations), cert. denied, 540 U.S. 1179 (2004). Although he was apprised of these standards in the Court's prior Memorandum Opinion and Order, Plaintiff has failed to state a viable claim in the Amended Complaint. The claims against GEO Group will therefore be dismissed with prejudice.

    2.   The Validity of the Prison Disciplinary Proceedings is Not Properly Before the Court.

*In Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's § 1983 claim that would necessarily imply the invalidity of their conviction or sentence *must be dismissed* "unless [he] can demonstrate that the conviction or sentence has

already been invalidated." In other words, before a state prisoner may seek § 1983 damages related to a conviction or sentence, he "must achieve a favorable result in his available state, or federal habeas, opportunities to challenge" it. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). The *Heck* doctrine is intended to prevent a "collateral attack on a conviction through the vehicle of a civil suit." *Heck*, 512 U.S. at 484. In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the United States Supreme Court extended the *Heck* doctrine to claims for monetary damages arising from prison disciplinary decisions. *See Cardoso v. Calbone*, 490 F. 3d 1194, 1199 (10th Cir. 2007) (recognizing that the *Heck* doctrine applies to "challenges to punishments imposed as a result of prison disciplinary infractions.").

To the extent that Plaintiff claims that he was deprived of due process in the prison disciplinary proceedings such that his according punishments were unlawful, these claims are barred under *Heck* and *Edwards*. As explained in the Court's July 21, 2022, Memorandum Opinion and Order, the lawfulness and validity of those proceedings, including the PBMP referral, are properly before the Court in Plaintiff's pending habeas action. *See Franklin v. Attorney General of the State of New Mexico*, No. 21-cv-303-RB-KK, at Doc. 1.  Unless and until he prevails in his habeas challenge, Plaintiff will not have a cognizable claim for damages under § 1983 arising from the prison disciplinary proceedings against him. This claim will be dismissed without prejudice to Plaintiff's ability to re-file them if he succeeds in his habeas action.

3.  Plaintiff's Eighth Amendment Claims.

The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable

safety from serious bodily harm." *Id.* at 348; *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

To prove that prison conditions amount to cruel and unusual punishment, the plaintiff must satisfy an objective requirement and a subjective requirement. That is, he must prove (1) that the condition complained of is, "objectively, sufficiently serious" that it "results in the denial of the minimal civilized measure of life's necessities"; and (2) that the prison official's state of mind was one of "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In other words, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to innate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff has not alleged that a particular prison official was aware of, but remained deliberately indifferent to, an excessive risk to his health or safety. He has not identified any employee of the Penitentiary of New Mexico (where the PBMP is administered) as a defendant. Nor do Plaintiff's allegations regarding the conditions of PBMP support an inference that his safety was threatened or that he was deprived of adequate food, clothing, shelter, sanitation, or medical care. The conditions that Plaintiff complains of, though restrictive, are comparable to those that have been held not to constitute cruel and unusual punishment. *See, e.g.*, *Ajaj v. United States*, 293 Fed. App'x 575, 582–84 (10th Cir. 2008) (finding conditions such as "lock-down for 23 hours per day," "limitations on ... access to telephones," and "limited ability to exercise outdoors" did not, individually or in concert, amount to an Eighth Amendment violation); *Hill v. Pugh*, 75 Fed. App'x 715, 721 (10th Cir. 2003) (finding no cruel and unusual punishment where inmate was "isolated in his cell twenty-three hours a day for five days a week and twenty-four hours the

7

remaining two days"); *Silverstein v. Fed. Bureau of Prisons*, 559 Fed. App'x 739, 755 (10th Cir. 2014) (finding no violation where plaintiff ate alone, had no phone calls or face-to-face interaction, and only had 10 hours per week of recreation time); *Smith v. Romer*, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997) (finding no violation stemming from 23-hour lockdown with meals in cells, limited vocational, educational, and recreational services, and exercise of one hour per day in cell); *Trujillo v. Williams*, 465 F.3d 1210, 1225 n.17 (10th Cir. 2006) (allegations of limited access to education, employment, religious programming, housing assignment, recreation time and equipment, the telephone, and the commissary did not establish a sufficient serious deprivation); *Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988) (holding that one shower a week for inmates in segregation is constitutionally sufficient); *Hightower v. Vose*, 1996 WL 516123, at *2 (1st Cir. Sept. 12, 1996) (denial of shower for eight days is not unconstitutional); *Tucker v. Wall*, 2010 WL 322155, at *10 (D.R.I Jan. 27, 2010) (denial of showers and recreation for ten or fourteen days not unconstitutional). Plaintiff's contention that the referral to PBMP was excessively punitive relative to the conviction of escape paraphernalia also does not satisfy these standards. Though having been apprised of these standards in the Court's prior ruling, and having been given an opportunity to amend, Plaintiff has not alleged facts sufficient to satisfy the objective or subjective components of an Eighth Amendment claim. The claim will therefore be dismissed with prejudice.

**C.     Plaintiff's Tort Claims are not Actionable Under the New Mexico Tort Claims Act.**

Plaintiff seeks redress under the tort theories of negligence, false imprisonment,[1] and

---

[1] To the extent that it is possible to infer that Plaintiff sought to state Fourth Amendment "false imprisonment" under § 1983, such a claim is unavailable to him, as such a claim is only available to a person who has been imprisoned without legal process. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).

malicious abuse of process. (Doc. 1-1 at 8-9). The state of New Mexico has waived sovereign immunity for specific torts as set forth in the New Mexico Tort Claims Act (NMTCA). *See* NMSA 1978 §§ 41-4-4 through 41-4-12. A tort for which immunity has not been expressly waived in the NMTCA is not actionable against the state, a state entity, or their employees. *Davis v. Bd. of Cty. Commr's of Dona Ana Cty.*, 987 P.2d 1172, 795 (N.M. Ct. App. 1999).

Immunity from liability for the torts identified in Plaintiff's complaint, has been waived for conduct by "law enforcement officers while acting within the scope of their duties." *See* NMSA 1978 § 41-4-12. It is well established, however, that *corrections officers* who hold convicted persons in custody are not "law enforcement officers" such that the waiver of immunity identified in § 41-4-12 applies to their conduct. *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1222, 1254-56 (D.N.M 2010); *Callaway v. N.M. Dep't of Corrs.*, 875 P.2d 393, 397 (N.M. Ct. App. 1994) (affirming the trial court's determination that corrections officers are not law enforcement officers for purposes waiver of immunity under the NMTCA). As the Court previously ruled, to the extent NMCD or its officers committed the torts identified the Amended Complaint, they are protected from liability as a matter of sovereign immunity. The claims will be dismissed with prejudice.

Additionally, to the extent Plaintiff seeks to state claims for breach of contract based on the allegation that Defendants failed to abide by the terms of a contractual agreement between GEO Group and Union County (Doc. 22 at 11), the claim fails. The alleged parties to the contract are Geo Group and Union County. As a thirty party, Plaintiff "does not have the right to sue in contract merely because [he] *could* benefit from" it. *Premier Trust of Nevada, Inc., as trustee of Murtagh Nevada Trust v. City of Albuquerque*, 482 P.3d 1261, 1272 (N.M. App. 2020). To obtain such a right, the third party must have been an *intended* beneficiary, that is, that the parties to the contract intended to benefit him. *Id.*; *Tarin's, Inc. v. Tinley*, 3 P.3d 680, 683 (N.M. App. 1999).

There are no allegations in the Amended Complaint to support Plaintiff's right to sue under the contract. The claim will therefore be dismissed.

In its Memorandum Opinion and Order of Dismissal entered July 21, 2022, the Court thoroughly apprised Plaintiff of the legal standards governing his § 1983 claims, addressed the viability of his state tort claims, and dismissed his complaint for failure to state a viable claim. (Doc. 16). The Court granted him an opportunity to file an amended complaint, which he did. The Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, all claims in the complaint will be dismissed as set forth herein.

**IT IS ORDERED:**

1. All claims in the Amended Complaint (Doc. 22) are **DISMISSED** as set forth herein.
2. The Court **WILL ENTER** a separate judgment closing the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**