IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

v.                                                        Civ. No. 19-899 KWR/GBW

AMANDA ANAYA, *et al.*,

    Defendants.

## ORDER TO FILE A *MARTINEZ* REPORT

This matter is before the Court on review of the record. Plaintiff filed his Amended Complaint on October 24, 2022. *Doc. 22*. On February 8, 2023, Judge Riggs dismissed all claims in the Amended Complaint. *Doc. 32*. On October 10, 2023, the Tenth Circuit affirmed in part and reversed in part Judge Riggs' order of dismissal. *Doc. 42*. On October 13, 2023, Judge Riggs ordered Defendant The Geo Group, Inc. ("Defendant Geo Group") to respond to Plaintiff's Amended Complaint, *doc. 44*, and Defendant Geo Group responded on November 13, 2023, *doc. 48*.

In a suit brought by a *pro se* prisoner, the Court may order defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether a meritorious claim exists. *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978); *see also, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be

used in a variety of contexts, **including motions for summary judgment or a *sua sponte* entry of summary judgment.** *See Hall v. Bellmon*, 935 F.2d 1106, 1111-12 (10th Cir. 1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."). When a *Martinez* Report is used for summary judgment purposes, however, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109. Accordingly, in addition to the information requested by the Court herein, Defendant Geo Group should submit whatever materials it considers relevant to Plaintiff's claims and their defenses. Plaintiff should do the same in his response.

Wherefore, IT IS HEREBY ORDERED that Defendant Geo Group file a *Martinez* Report **within 30 days of entry of this Order** based on all active claims in Plaintiff's Amended Complaint and in accordance with the following:

1. Defendant Geo Group's *Martinez* Report must address **in a written brief** all of the allegations against it as well as any defenses raised in its answer that it wishes to pursue. Defendant Geo Group shall also include as attachments any affidavits or documents relevant to any allegation or defense. The submission of documents without an accompanying brief will not be considered in compliance with this Order.

2. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents that are to be included as attachments.

3.        The brief must also state whether policies or regulations pertaining to Plaintiff's allegations exist, and, if so, the relevant policies or regulations must also be included as attachments.

4.        Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise be clearly serially marked. Defendant Geo Group must also provide affidavits to properly authenticate submitted documents.

5.        The Court is aware that materials contained in corrections and law enforcement files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendant Geo Group may move to seal confidential portions of documents submitted with the *Martinez* Report and provide a redacted version of the Report to Plaintiff. If Defendant Geo Group seeks to seal or redact any portion of its Report, it must file a motion to seal at least fourteen (14) days before the *Martinez* Report filing and service deadline. The motion to seal shall describe with specificity the type of documents Defendant Geo Group wishes to seal and shall assert the reasons for nondisclosure.

6.        Should Defendant Geo Group choose to file a motion for summary judgment concurrently with its *Martinez* Report, that motion shall be filed separate and apart from the Report and must comply with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendant Geo Group shall instead cite to the *Martinez* Report.[1] Defendant Geo Group must provide citations supporting their assertions with specificity. At the very least, Defendant Geo Group should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

7.        The Court may strike any filing that fails to comply with this order.

---

[1] Under the Local Rules, "exhibits to a motion, response or reply" are not to exceed a total of fifty (50) pages unless by agreement of the parties or with leave from the Court after the filing a motion. D.N.M. LR-Civ. 10.5. Given that the *Martinez* Report will essentially serve as the parties' exhibits to a summary judgment motion, response, and reply, should such filings be made, the Court hereby grants leave for the *Martinez* Report to exceed the exhibit page limit set forth in the Local Rules.

IT IS FURTHER ORDERED that Plaintiff shall file and serve his response to the facts contained within Defendant Geo Group's *Martinez* Report within thirty (30) days of its filing. If Defendant Geo Group files a motion for summary judgment, Plaintiff must file a separate response to that motion within thirty (30) days. Defendant Geo Group shall file and serve its reply, if any, to a motion for summary judgment within fourteen (14) days of Plaintiff's response. Defendant Geo Group need not file a reply to Plaintiff's Response to the *Martinez* Report.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE