IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

v.                                                      Civ. No. 19-899 KWR/GBW

AMANDA ANAYA, *et al.*,

    Defendants.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on Plaintiff's Renewed Motion for Appointment of Counsel. *Doc. 46.* Having reviewed the motion, the Court finds that it should be DENIED.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (unpublished) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v.*

*Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (unpublished) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Plaintiff argues that he requires counsel because he cannot afford an attorney, has a limited ability to locate defendants for service, his case will require discovery and depositions, he has no access to the prison law library, and the issues in the case are complex.  *Doc. 46* at 1.  However, the history of this case, including Plaintiff's partially successful appeal at the Tenth Circuit, indicates that Plaintiff has the ability to locate and serve defendants as well as to comprehend and argue legal and factual issues.  *See doc. 42*.  His petition does not present novel or particularly complex legal claims, and it is at least questionable whether Plaintiff will prevail on the facts alleged.  Thus, based on the Court's own review, none of the applicable factors supports granting Plaintiff's Motion.

Wherefore, IT IS HEREBY ORDERED that Petitioner's Motion to Appoint Counsel (*doc. 46*) is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

2