IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

v.                                                        Civ. No. 19-899 KWR/GBW

AMANDA ANAYA and
KARL DOUGLAS,

    Defendants.

## ORDER DENYING MOTION AND SECOND ORDER TO PROVIDE ADDRESSES FOR SERVICE

THIS MATTER is before the Court on Plaintiff's Renewed Motion for Limited Appointment of Counsel to Complete Service on Defendant Anaya (*doc. 82*).  As the motion is not well-taken, it will be denied.

Plaintiff "request[s] the court appoint limited counsel to locate and serve defendant [sic] Anaya."  *Id*. at 1.  As the Court has previously noted, "[t]here is no constitutional right to appointed counsel in a civil case."  *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (unpublished) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted).  When considering whether to request an attorney to represent a person unable to afford counsel, a court considers certain factors.  *See Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (unpublished) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).  However, petitioner is not actually seeking legal

representation in the instant motion. Instead, he is seeking private investigatory services to locate a person he wishes to serve. As such, the request for "legal representation" is denied.

Perhaps understanding this flaw, Petitioner, in the alternative, asks the Court to "appoint special master/investigator to locate and serve Anaya." *Doc. 82* at 1. Regarding the authority under which the Court would make such an appointment, Petitioner references "FRCP 53." *Id*. Rule 53 authorizes a court to "appoint a master only to (A) perform duties consented to by the parties; (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted …; or (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." FED. R. CIV. P. 53. Petitioner's request does not fall within any of those categories. As such, this request under Rule 53 is denied.

Finally, Petitioner asks the court to "order the federal marshalls [sic] locate and serve defendant Anaya." *Doc. 82* at 1. However, the United States Marshals Service's responsibility under Rule 4(c)(3) and 28 U.S.C. §1915(d) is to carry out service when provided with correct addresses for defendants. *See Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016). The "Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service." *Id*. As such, Plaintiff's request regarding the Marshals Service is denied.

WHEREFORE Plaintiff's Renewed Motion for Limited Appointment of Counsel to Complete Service On Defendant Anaya (*doc. 82*) is DENIED.  Given that Plaintiff may have been relying on this motion to excuse and address his failure to provide valid addresses for service on Defendants Anaya and Douglas (*see docs. 81, 83*), the Court will grant him a further 30 days to comply.

IT IS THEREFORE ORDERED that, **within thirty (30) days from entry of this Order**, Plaintiff shall provide valid addresses for service on Defendants Anaya and Douglas.  Failure to do so may result in dismissal of his claims without further notice.

IT IS FURTHER ORDERED that the Clerk's Office is directed to mail a copy of this Order to Plaintiff at his address.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE