# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

      Plaintiff,

v.                                                                        No. 19-cv-899-KWR-GBW

AMANDA ANAYA and
KARL DOUGLAS,

      Defendants.

## ORDER OVERRULING OBJECTIONS AND ADOPTING IN PART THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on United States Magistrate Judge Gregory Wormuth's Proposed Findings and Recommended Disposition ("PFRD") entered October 22, 2024 (Doc. 88) and Defendant Anaya's Motion for Clarification (Doc. 94). In his PFRD, Judge Wormuth recommends dismissing the claims against Defendants Anaya and Douglas for Plaintiff's failure to provide valid addresses for service. After the filing of the PFRD, Plaintiff filed a Notice of Defendants Address [sic] and Objections to the PFRD. Docs. 89, 91. The Notice and Objections provided a new address for Defendant Anaya. For Defendant Douglas, Plaintiff provided an old address at which service had already been attempted three times by the Marshal. Judge Wormuth ordered the United States Marshals Service to attempt service of process at Defendant Anaya's new address. Doc. 90. Pursuant to that order, service was successfully executed on Defendant Anaya. Doc. 93. Subsequently, Defendant Anaya filed a Motion for Clarification Regarding Necessity of and Deadline for Filing Responsive Pleading. (Doc. 94).

Judge Wormuth recommended dismissing the claims against Defendant Douglas because Plaintiff had repeatedly failed to comply with court orders directing him to provide a valid address

to serve Defendant Douglas. Defendant Douglas remains unserved in this case. Plaintiff objects to the dismissal. For the reasons stated below, the Court overrules Plaintiff's objection in part and adopts in part Judge Wormuth's recommendation. The claims asserted against Defendant Douglas are dismissed. Defendant Anaya shall file a responsive pleading as explained below.

## BACKGROUND

In this pro se prisoner civil rights case, Plaintiff has yet to serve an individual defendant, a former employee of Defendant GEO Group, Karl Douglas. The Court repeatedly ordered Plaintiff to provide correct addresses to serve Defendant Douglas. The Court recounts that procedural history below.

On October 13, 2023, the Court directed Plaintiff to provide the address for Defendant Douglas within thirty days, or show cause why the claims asserted against Defendant Douglas should not be dismissed. Doc. 44 at 3. The Court warned that failure to comply with that order may result in dismissal of the claims without further notice. *Id.* Defendant responded, providing an address at Lea County Correctional Facility. *See* Doc. 45. Judge Wormuth ordered notice and waiver forms to be mailed to Defendant Douglas at the address provided by Plaintiff in his response, Doc. 44. *See* Doc. 49 at 2. That mail was returned as undeliverable. *See* Doc. 52.

Judge Wormuth issued an order to show cause directing Plaintiff to provide a valid address for service on Defendant Douglas or show cause in writing why he is unable to provide the addresses. Doc. 57 at 1-2. Plaintiff was *again* warned that failure to comply with the address may result in dismissal of his claims without further notice. Doc. 57 at 2.

Plaintiff responded to the order to show cause, asserting that he has no way to obtain Defendant Douglas' address, asked for counsel, and asked the Court to order the Marshal to find Defendant Douglas for him. Doc. 59. Plaintiff asserted that Douglas was served at the same time

as GEO Group. As noted above, however, the mail was returned as undeliverable, and Plaintiff has provided no evidence Defendant Douglas was served.

Judge Wormuth ordered Defendant GEO group to provide the last known address of its former employee Defendant Karl Douglas. Doc. 64. Defendant GEO Group provided its last known address for its former employee Defendant Douglas. The Court entered an order for process, directing the Marshal to effectuate service at the address provided by Plaintiff. The Marshal attempted service at the provided address three times, but was unable to serve Defendant Douglas. Doc. 78. There is nothing in the record suggesting this address was a correct address for Defendant Douglas, or that further attempts to serve Defendant Douglas at this address would be fruitful.

Judge Wormuth issued another order directing Plaintiff to provide valid addresses for service for Defendant Douglas, and warned that failure to do so may result in dismissal of his claims without further notice. Doc. 81 at 2. Plaintiff responded, objecting to the order. Doc. 83. The Court overruled the objection, again ordered him to provide valid addresses for Defendant Douglas, and again warning him that failure to comply may result in dismissal without further notice. Doc. 84. Because Plaintiff did not provide any address in response to the order, Judge Wormuth recommended dismissing Plaintiff's claims against Defendant Douglas for failing to comply with court orders. Doc. 88.

After the PFRD was issued, Plaintiff provided the same address at which the Marshal already attempted service three times. *See* Doc. 89. Plaintiff provided no reason why the result would be any different if the Court were to order the Marshal to serve again.

In sum, the Court has attempted to facilitate service of Defendant Douglas for over a year. Plaintiff was directed at least **four times** to provide a valid address to serve Defendant Douglas,

and warned **at least four times** that failure to provide a valid address or comply with court orders may result in dismissal of his case. The Court sent notice and waiver forms to one provided address, and the Marshal attempted to serve Defendant Douglas three times at another provided address. Defendant Douglas was not served at either of these addresses.

**DISCUSSION**

Judge Wormuth recommended that the Court dismiss the claims asserted against Defendant Douglas for failure to provide a valid address to serve Defendant Douglas despite being repeatedly ordered to do so. Doc. 88 at 2. Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). District courts can dismiss actions sua sponte for failure to prosecute or failure to comply with court orders. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."). A plaintiff, including a pro se prisoner, is responsible for prosecuting a case by providing valid addresses to serve a defendant. As explained above, the Court ordered Plaintiff at least four times to provide valid addresses at which to serve Defendant Douglas, and warned him at least four times that failure to do so may result in the dismissal of his claims.

Plaintiff objects to Judge Wormuth's PFRD on the following grounds:

- The failure to serve Defendant Douglas is caused by the Court's delay;

- Plaintiff provided Defendant Douglas's address on October 14, 2024;

- Plaintiff has been attempting to obtain Defendant Douglas' address;

- The Marshal should find or provide Defendant Douglas's correct address for

Plaintiff; and

- The Court erred in not appointing counsel to assist him in serving Defendant Douglas.

Doc. 91. None of these objections demonstrate that Judge Wormuth's PFRD is in error, even under *de novo* review.

Plaintiff appears to believe the responsibility to find Defendant Douglas' valid address and serve him rests with the Court or the Marshal. That is incorrect. Plaintiff bears the ultimate responsibility for prosecuting his case, providing correct addresses for service, and serving the defendants. The Court ordered him multiple times to provide valid addresses to serve Defendant Douglas, the Court sent notice and waiver forms out at one address provided by Plaintiff, and the Marshal attempted to serve Defendant Douglas at a second address.

Neither the Court nor the Marshal are responsible for providing correct addresses to serve a defendant or to find a defendant. Service on the defendants is ultimately Plaintiff's responsibility, even while pro se and in prison. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the Plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]"); *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) ("[T]he Marshals service is not responsible for lack of service where a plaintiff does not provide correct information required for service."). "[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service - rather than obliging courts to assist in this endeavor-even when the plaintiffs are in prison." *Washington v. Correia*, 549 F. App'x 786, 789 (10th Cir. Nov. 26, 2013); *see also Sena v. Wackenhut Corp.*, 3 F. App'x 858, 861 (10th Cir. 2001) (noting that fact plaintiff is pro se, in prison, and cannot obtain information from prison officials was insufficient to established good cause for extension of time to serve).

Plaintiff appears to assert that the Marshal should attempt to find the correct address for Defendant Douglas, or otherwise find Defendant Douglas. However, the Tenth Circuit has rejected that argument, and has expressly stated that it is a plaintiff's burden to track down a correct address and provide it to the Marshal, even where the Marshal serves under Rule 4(c)(3) and § 1915(d). *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007); *Pemberton,* 673 F. App'x at 864. Although under § 1915 the court must order the Marshal to serve a defendant at an address provided by Plaintiff, the burden remains on Plaintiff to provide the correct address to serve a defendant. *Id.* The Tenth Circuit has held that the "Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service." *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016).

Plaintiff asserts that Defendant Douglas was served, or alternatively, GEO Group should have accepted service on Douglas's behalf. As explained above, the court issued a notice and waiver forms at the address provided by Plaintiff. *See* Doc. 49. That mailing was returned as undeliverable. Doc. 55. There is nothing in the record which demonstrates that Defendant Douglas received or accepted service, or that GEO Group was authorized to accept service on Defendant Douglas's behalf.

Finally, in his objection Plaintiff implies that the Court should have appointed counsel for him to aid in serving defendants, but he does not argue or demonstrate why appointment of counsel is necessary or appropriate to locate defendants, or why the denial of his motions to appoint counsel excuses his failure to follow court orders. *See* Doc. 91 at 2. Federal district courts are not authorized to appoint and pay counsel in civil cases or § 1983 cases, but instead may only request an attorney take a case on a pro bono basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016); Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(1). This decision is a matter of discretion. *Toevs*

*v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397.  In other words, the court lacks the authority to compel attorneys to take a case or reimburse attorneys for their time.  *Rachel*, 820 F.3d at 397.  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir.1995).

Plaintiff does not request counsel to aid him in presenting his claims.  He does not assert that counsel is necessary for him to adequately present the legal and factual issues in this case. Rather, Plaintiff has a firm grasp of the legal issues in this case and is a prolific filer in the District of New Mexico.  Plaintiff has succeeded in both state and federal court. Rather, Plaintiff seeks appointment to aid in service.

Plaintiff asserts he previously requested counsel, which was denied by the court. Plaintiff does not demonstrate that the denial of appointment of counsel is a basis to excuse the failure to comply with court orders or serve a defendant. Rather, Tenth Circuit cases have held it is not. *Self v. Autoliv, ASP,* 80 F. App'x 72, 73 (10th Cir. 2003) (failure to appoint counsel does not constitute good cause for an extension of time to serve or justify a failure to serve a defendant).  Plaintiff bears the burden to provide an appropriate address for a defendant, even as a pro se prisoner. *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007); *Pemberton,* 673 F. App'x at 864; *Washington v. Correia*, 549 F. App'x 786, 789 (10th Cir. Nov. 26, 2013); *see also Sena v. Wackenhut Corp.*, 3 F. App'x 858, 861 (10th Cir. 2001).

Plaintiff has not cited to any case by the Court of Appeals for the Tenth Circuit holding that a district court should appoint counsel to assist in serving defendants.  Rather, most cases discuss the need for counsel in adequately presenting legal and factual issues.  As noted above, the Tenth

Circuit has held that it is a pro se prisoner's responsibility to locate defendants for service, even without counsel.

Even assuming it is appropriate to appoint counsel merely to serve a defendant, Plaintiff has not shown that appointing counsel now is appropriate. Plaintiff has not demonstrated that counsel would have been able to find Defendant Douglas for him. Here, the Court (1) sent notice and waiver forms to one address provided by Plaintiff; (2) ordered Defendant GEO Group to provide the last known address for its former employee Defendant Douglas; and (3) ordered the Marshals Service to attempt to effectuate service at that provided address, which it attempted to do three times.

None of Plaintiff's objections are well-taken. Thus, the Court has considered Plaintiff's objections under *de novo* review and overrules them.

The Court notes that it need only address Plaintiff's express, specific objections under *de novo* review. Under the firm-waiver rule, "a party's objections to the magistrate judge's report and recommendation must be both timely and *specific* to preserve an issue for de novo review by the *district court* or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added); *Harvey v. Butcher*, No. 21-4051, 2022 WL 2734397, at *4 (10th Cir. July 14, 2022). This rule "advance[s] the policies behind the Magistrate's Act," including "enabl[ing] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute and giv[ing] the district court an opportunity to correct any errors immediately." *Id.* (citation and internal quotation marks omitted). The firm waiver rule promotes the efficient use of judicial resources based upon "the same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district

court." *Id.* at 1060 (brackets and internal quotation marks omitted). Thus, the Court need not *sua sponte* raise objections on a party's behalf.

Judge Wormuth recommended dismissing the claims against Defendant Douglas for failure to comply with court orders. Plaintiff did not object to the *type* of dismissal recommended by Judge Wormuth. The recommendation did not specify that dismissal should be with or without prejudice. Generally, where the type of dismissal is not specified, it is with prejudice. Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) (when a district court does not specify whether a dismissal under Rule 41(b) is with or without prejudice, it is assumed to be with prejudice). If this dismissal were *with* prejudice under Rule 41(b), the court would be required to analyze the *Ehrenhaus* factors.

Because Plaintiff did not object to the type of dismissal or state that the Court should consider the *Ehrenhaus* factors, *de novo* review of any such objection is waived and the Court need not expressly address it. Therefore, the Court will not *sua sponte* address the *Ehrenhaus* factors.

Alternatively, only assuming the Court is *required* to *sua sponte* address the *Ehrenhaus* factors despite the absence of an objection, the Court concludes that dismissal of the claims asserted against Defendant Douglas is appropriate.[1]

Under Fed. R. Civ. P. 41(b), "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute ... a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted), *quoted in Banks v. Katzenmeyer*, 680 F. App'x 721, 723

---

[1] The court is not conducting a *sua sponte de novo* review. Even if it were, the firm waiver rule still applies. "[T]he district court's decision to conduct a de novo review, sua sponte, does not warrant lifting the bar of appellate review ...." *One Parcel*, 73 F.3d at 1061, *quoted in Velayo v. Fox*, No. 23-3139, 2024 WL 507196, at *1 (10th Cir. Feb. 9, 2024)

(10th Cir. 2017).  If a district court dismisses a case with prejudice under Rule 41(b), it must apply the factors listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).  These factors include "(1) the degree of actual prejudice to the defendant"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id.* at 921 (internal quotation marks omitted). Considering these factors and the record, the Court concludes that dismissal with prejudice is appropriate for failure to follow court orders.

*First,* it is clear that Defendant Douglas would be prejudiced, as he has not yet been served in this case.  The allegations in this case appear to stem from alleged actions taken in 2017, and this case was filed in 2019.  Defendant asserts any delay is caused by the court, but as explained above Plaintiff is ultimately responsible for serving defendants, not the court.

*Second*, Plaintiff's failure to comply with court orders and failure to provide a correct address for Defendant Douglas has interfered with the judicial process.  The case has not yet proceeded against Defendant Douglas, and the Court ordered Plaintiff at least four times to provide a correct address, and responded to his various objections and responses.  The Court has actively attempted to facilitate service of Defendant Douglas for over a year.  *See* Docs. 44, 49 (court orders regarding service).

*Third,* Plaintiff is ultimately culpable for the failure to provide a correct address, despite numerous opportunities to do so. To the extent Plaintiff asserts that as a pro se prisoner he is unable to provide a correct address, the Tenth Circuit has rejected such an excuse, as explained above.

*Fourth*, as explained in detail above, the Court warned Plaintiff at least four times that the failure to comply with court orders or provide a correct address may result in the dismissal of his case or claims against Defendant Douglas.  *See* Docs. 44 at 3; 57 at 2; 81 at 2; 84.

*Fifth*, neither party has suggested that any lesser sanction is available. Rather, Plaintiff asserts that others should accomplish service for him by finding Defendant Douglas for him. But as explained above, that is not the responsibility of the court or the Marshal.

## CONCLUSION

Given that Plaintiff has finally provided a valid address for Defendant Anaya and service has been effected upon her, the recommendation to dismiss the claims against Defendant Anaya has been mooted.  Thus, that recommendation will not be adopted.  As such, Defendant Anaya must file a responsive pleading under Fed. R. Civ. P. 12 within twenty-one (21) days of the date of this order.[2]

With respect to Defendant Douglas, the address provided in Plaintiff's Notice (Doc. 89) is the same address at which the United States Marshals Service has already attempted service. (Docs. 70, 71, 72, 78, 89, 91). Consequently, Plaintiff has still not provided a valid address for service of Defendant Douglas.  Pursuant to FED. R. CIV. P. 72(b), the Court has conducted a de novo review of the record and all parts of the Judge Wormuth's PFRD related to the dismissal of Defendant Douglas that have been properly objected to.  After conducting this de novo review, and having thoroughly considered Judge Wormuth's PFRD and Plaintiff's objections, the Court finds no reason either in law or fact to depart from Judge Wormuth's recommendation to dismiss Defendant Douglas.

**IT IS THEREFORE ORDERED** that Petitioner's objections (Doc. 91) are **OVERRULED** in part and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 88) is **ADOPTED in part**.

---

[2] By ordering this response, the Court GRANTS Defendant Anaya's motion for clarification.

**IT IS FURTHER ORDERED** that all claims against Defendant Douglas are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing to Address Service (Doc. 92) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Anaya's Motion for Clarification Regarding Necessity of And Deadline for Filing Responsive Pleading (Doc. 94) is **GRANTED IN PART**, to the extent it requests the Court clarify that a response is required and requests the Court set a deadline for a response.

**IT IS FINALLY ORDERED** that Defendant Anaya must file a responsive pleading under Fed. R. Civ. P. 12 within twenty-one (21) days of the entry of this order.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE