IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

v.                                                        Civ. No. 19-899 SMD/GBW

AMANDA ANAYA and
KARL DOUGLAS,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me upon Defendant Amanda Anaya's Motion to Dismiss and Memorandum of Law in Support (*doc. 98*) and pursuant to the Honorable Sarah M. Davenport's Order Referring Case (*doc. 103*), referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. Based on the foregoing reasoning, I RECOMMEND that the Motion be granted.

**I.  PROCEDURAL HISTORY**

Plaintiff filed this lawsuit in state court on July 30, 2019. *See doc. 1-1*. The allegations relate to a disciplinary proceeding during early 2017 in the Northeast New Mexico Detention Facility where Plaintiff was serving a life sentence for murder. *Id*. Originally, Plaintiff sued four defendants – Amanda Anaya, Karl Douglas, The Geo Group, and New Mexico Corrections Department.[1] Plaintiff served Defendant The Geo

---

[1] Identified by Plaintiff as New Mexico Department of Corrections.

Group which, on September 26, 2019, filed a Notice of Removal to this court. *Doc. 1.* In the Notice of Removal, Defendant The Geo Group informed Plaintiff and the Court that the remaining defendants had not been served. *Id.* at 1. Pursuant to 28 U.S.C. § 1915A, the Court conducted a review to determine if the complaint stated a cognizable claim against the listed defendants. *See doc. 7.* On July 21, 2022, District Judge Kea W. Riggs dismissed all of the claims in Plaintiff's Amended Complaint without prejudice, but gave him thirty days to file an amended complaint. *See doc. 16.* Pursuant to Plaintiff's motion, the deadline to file the amended complaint was extended until October 6, 2022. *See docs. 17, 18.* The new deadline passed without the filing of any amended complaint or second motion for extension. Consequently, on October 14, 2022, District Judge Kea W. Riggs entered an order and final judgment dismissing Plaintiff's claims with prejudice. *See docs. 20, 21.* Ten days later, eighteen days after the extended deadline and ninety-five days after the order dismissing his claims without prejudice, Plaintiff filed an amended complaint. *See docs. 22, 23.* Plaintiff then moved for reconsideration of the dismissal and also appealed. *See docs. 24, 25.* The appeal was abated pending a ruling on Plaintiff's motion for reconsideration. *See docs. 28, 30.* On February 7, 2023, District Judge Kea W. Riggs granted the motion for reconsideration finding that the Court would consider Plaintiff's Amended Complaint to be timely filed pursuant to the prison mailbox rule. *See doc. 31.* Nonetheless, the next day, District Judge Kea W. Riggs ruled that the Amended Complaint failed to state any claim upon which relief could be

granted and dismissed all of the claims in Plaintiff's Amended Complaint. *See docs. 32, 33*.

On September 18, 2023, the Tenth Circuit reversed the District Court's decision regarding Plaintiff's § 1983 due process claims against Defendants Anaya and Douglas, *see doc. 42-1* at 10, and the decision regarding whether Defendants Anaya and Douglas are entitled to immunity from Plaintiff's tort claims under the New Mexico Tort Claims Act, *see id.* at 12. The Tenth Circuit did not reverse the District Court's ruling that Plaintiff failed to state any § 1983 claims or tort claims against Defendant The Geo Group. *See id.* at 15; *see also docs. 63, 80*.

On October 13, 2023, after the return of the case with the remaining claims against Defendants Anaya and Douglas, this Court ordered Plaintiff to provide a current address for those defendants no later than November 12, 2023. *See doc. 44.* In response, Plaintiff provided that the "last known address that [Plaintiff] is aware of is the facility that [Defendant Anaya] worked at which is Lea County Correctional Facility, 6900 W. Millen Drive, Hobbs, NM 88415." *Doc. 45.* On November 16, 2023, the Court ordered that notice and waiver of service forms along with a copy of the Amended Complaint be mailed to Defendant Anaya at the address provided by Plaintiff. *See doc. 49.* On December 18, 2023, the mail sent to Defendant Anaya was returned as undeliverable because the "addressee [was] not at this address." *Doc. 55.* This result should not have been a surprise to Plaintiff who was aware that Defendant Anaya "was at all times relevant a caseworker at NENMDF." *Doc. 22* at 4. Northeast

3

New Mexico Detention Facility (NENMDF) is located in Clayton, New Mexico which is approximately 300 miles from Hobbs, New Mexico.  Google Maps, https://www.google.com/maps (last visited Aug. 14, 2025)

Upon realizing that the address provided by Plaintiff for Defendant Anaya was erroneous, the Court issued Plaintiff an Order to Show Cause and Provide Addresses. *See doc. 57*.  In its January 23, 2024, order, the Court explained that the address he had provided for Defendant Anaya[2] was invalid for service.  *Id*. at 1.  Plaintiff was ordered to, within thirty days, "provide valid addresses for service on Defendant[] Anaya…, or otherwise show cause in writing why he is unable to provide such address[ and that f]ailure to comply with this Order may result in dismissal of his claims against these Defendants without further notice."  *Id*. at 1-2.  The February 22, 2024, deadline passed without Plaintiff providing any further addresses for Defendant Anaya.

More than two weeks later, however, Plaintiff filed a motion to compel Defendant The GEO Group[3] to provide the Court *ex parte* the last known address of Defendant Anaya.  *See doc. 62*.  The Court granted this motion and received this information ex parte.  Consequently, on May 9, 2024, the Court ordered the Marshals Service to effect service of process on Defendant Anaya at the address received from Defendant The GEO Group.  *See docs. 70, 71*.  On May 15, 2024, the Marshals Service notified the Court that Defendant Anaya could not be located at that address.  *Doc. 76*.

---

[2] Plaintiff was similarly informed regarding the address he provided for Defendant Douglas.
[3] At this time, The GEO Group was still considered a defendant in the case.  *See docs. 63, 80*.

4

Therefore, on July 1, 2024, the Court again ordered Plaintiff to provide a valid address for service for Defendant Anaya. *See doc. 81*. The Court set a deadline of July 31, 2024, and again warned Plaintiff that "failure to [provide a valid address for service] may result in dismissal of his claims without further notice." *Id*. at 2. Instead of providing an address, Plaintiff moved for appointment of counsel to act as a private investigator to search for Defendant Anaya. *See doc. 82*. The Court ruled that the request was improper and denied it on July 19, 2024. *See doc. 84*. The Court then ordered Plaintiff to provide an address for service of Defendant Anaya no later than August 18, 2024. *See id*. Yet again, Plaintiff was warned that "failure to [provide a valid address for service] may result in dismissal of his claims without further notice." *Id*. at 3. Plaintiff filed objections to the July 19, 2024, order on August 7, 2024. *Doc. 86*. On September 16, 2024, District Judge Riggs overruled these objections, affirmed the July 19, 2024, order, and again ordered Plaintiff to provide valid addresses for service on Defendants Anaya and Douglas within thirty (30) days of the entry of her order. *Doc. 87*. District Judge Riggs again warned that "[f]ailure to do so may result in dismissal of his claims without further notice." *Id*. at 1. Again, this new deadline passed without Plaintiff providing a valid address for Defendant Anaya. Consequently, the undersigned filed Proposed Findings and Recommended Disposition recommending dismissal of Plaintiff's Complaint for repeated failures to provide valid addresses for the remaining Defendants. *Doc. 88*.

On October 31, 2024, Plaintiff filed a Response providing a new address for Defendant Anaya. *See doc. 89*. Without addressing the question of "good cause" under Rule 4(m), the Court ordered the Marshals Service to attempt to effect service on Defendant Anaya at the new address. *See doc. 90*. Pursuant to that order, the Marshals Service utilized the new address to finally effect service on Defendant Anaya on November 18, 2024. *See doc. 93*.

On January 21, 2025, Defendant Anaya filed the instant motion. She seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process due to Plaintiff's failure to timely effect service as required by Fed. R. Civ. P. 4(m). *See doc. 98*.

## II. LAW AND ANALYSIS

Under Fed. R. Civ. P. 12(b)(5), a lawsuit may be dismissed for insufficient service of process. A plaintiff bears the burden of establishing that service of process was sufficient. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Insufficiency of process includes process which was untimely. *See, e.g. Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995). The timeliness of process is governed by Fed. R. Civ. P. 4(m). That rule provides that that if "a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for

6

the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

In the instant case, the Court must first determine the date on which this 90-day clock started. Plaintiff filed his complaint in state court on July 30, 2019. Almost two months later, the only Defendant served by Plaintiff removed the case to federal court. Thus, on the date of removal, Plaintiff had ninety days to serve the remaining defendants. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010). However, due to Plaintiff's pro se status and the state court's prior permission for him to proceed in forma pauperis, this Court conducted a review of his complaint under 28 U.S.C. § 1915A. *See doc. 7*. As detailed above, this review led to the dismissal of the complaint and amended complaint, but a limited reversal and remand on appeal. *See docs. 16, 20-25, 28, 30-33, 42*. While the Tenth Circuit has not ruled on the issue, the undersigned will assume that the Tenth Circuit will adopt a rule that "toll[s] the service period for an in forma pauperis plaintiff where delayed service is 'caused by the court's consideration of his complaint'" under § 1915. *McCoy v. Burris*, 2020 WL 5642324, at *5 (D. Kan. Sep. 22, 2020) (quoting *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010)); *but see Murphy v. City of Tulsa*, 556 F. App'x 664, 666-67 (10th Cir. 2014). Consequently, Plaintiff's service clock would not begin to run until, on remand, this Court formally granted him in forma pauperis status and ordered him to provide addresses for the remaining defendants. This order was filed on October 13, 2023. *See doc. 44*. Thus, Plaintiff's 90-day service deadline under Rule 4(m) passed on January 11, 2024. As

7

service on Defendant Anaya was not completed until November 18, 2024, it was untimely.

As Plaintiff failed to meet the time limit set by Rule 4(m), the Court must first determine if he has shown good cause for his failure.[4]  "Good cause" in this context is "read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."  *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994).  Consequently, the "good cause" standard, as interpreted by the courts, is quite restrictive.  "Inadvertence, negligence, ignorance of the service requirements, and reliance on a process server have all been determined not to constitute good cause." *Lopez v. United States*, 129 F. Supp.2d 1284, 1295 (D.N.M. 2000) (citing *Broitman v. Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996); *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125-26 (10th Cir. 1991)).  "Good cause comes into play in situations in which there is no fault – excusable or otherwise."  *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (quoting *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004)).  To demonstrate good cause, Plaintiff makes several arguments, but neither individually nor collectively do they meet the necessary standard.

First, he argues that he has "consistently maintained" that Defendant Anaya was properly served.  *Doc. 99* at 2.  However, Plaintiff was advised as early as September 26,

---

[4] Plaintiff's first argument in opposition to the motion is that any dispute over the sufficiency of service is moot because Defendant Anaya was eventually served.  *See doc. 99* at 1.  This argument would essentially vitiate any ability of a served defendant to object to the timeliness of service.  The Court rejects this argument as it is contrary to established caselaw.  *See, e.g., Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995) (addressing dismissal motion based on untimely service on the merits notwithstanding that service eventually was completed).

8

2019, in the Notice of Removal that Defendant Anaya had not been served. *Doc. 1* at 1. More significantly, on October 13, 2023, this Court made clear that he had failed to serve Defendant Anaya and that he was responsible for doing so. *See doc. 44*. Given that the undersigned is considering that latter date as the trigger for the service clock, Plaintiff cannot argue that he was not aware of the service failure at that time. Finally, as noted above, ignorance of the service requirements does not constitute good cause.

Second, Plaintiff argues that Defendant's counsel was uncooperative. As Defendant Anaya notes in her Reply, there is no evidence that she evaded service. *See doc. 100* at 2. In fact, when Defendant Anaya was finally telephonically contacted by the Marshals Service based upon the address information provided by Plaintiff on October 31, 2024, she agreed to accept service via electronic mail. *See doc. 93* at 2. Moreover, her counsel is not responsible for accepting service on her behalf nor to volunteer her address even assuming he knew it.

Third, Plaintiff complains that his penal confinement and lack of access to legal assistance prevented him from obtaining Defendant Anaya's address. This claim is belied by Plaintiff's multiple *pro se* litigation efforts over the relevant time period. As Defendant Anaya points out, Plaintiff has been and is actively litigating many cases in federal and state courts. *See doc. 98* at 3-6, 12-13; *doc. 100* at 2-3. It is clear that he has not lacked access to courts or legal materials. Indeed, when he belatedly sought help from the pro bono investigator, he was able to obtain the address which eventually permitted the Marshals Service to locate Defendant Anaya. *See doc. 99* at 3.

Fourth, Plaintiff points to his repeated motions seeking taxpayer-funded assistance through either attorneys or private investigators to locate Defendant Anaya. *Id*. at 2-3. Plaintiff, however, was repeatedly advised that providing a valid service address for Defendant Anaya was his responsibility. *See docs. 44, 56, 57, 67, 81, 84, 87*. His stubborn refusal to accept that reality does not provide good cause for the delay in serving her.

Fifth, Plaintiff points to his other efforts to obtain Defendant Anaya's address through discovery and freedom-of-information requests. *Doc. 99* at 3. While those efforts were not insubstantial, he does not explain why they prevented him from simultaneously pursuing other paths such as reaching out to a pro bono investigator, especially as the delay in service stretched over eleven months.

In short, none of Plaintiff's excuses demonstrate good cause. Most notably, the longest period of delay was due to his initial response to the Court's order to provide an address for Defendant Anaya. To that order, Plaintiff provided the address to a detention facility completely different from the facility at which she worked. At the least, this grossly inaccurate information caused a delay in service from November 2, 2023, when it was submitted to the Court, until March 11, 2024, when Plaintiff filed a motion to compel address information from Defendant The GEO Group. By itself, that delay exceeded the 90-day time limit under the Rule. Moreover, Plaintiff gives no explanation why he was unable to utilize the pro bono investigator to obtain the address which was sufficient for the Marshals Service at any time prior to October 31,

2024. For all these reasons, Plaintiff fails to establish good cause for the failure to timely serve Defendant Anaya.

Notwithstanding the lack of good cause, this Court "must still consider whether a permissive extension of time may be warranted." *Espinoza*, 52 F.3d at 841. Factors which guide a court's discretion on this question include whether the plaintiff is proceeding pro se, *Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 53 (10th Cir. 2021); "the possibility of prejudice to the defendants," *id.*; whether "the complex requirements of multiple service under Rule 4(i)" are in play, *Espinoza*, 52 F.3d at 842 (internal quotation marks omitted); whether the applicable statute of limitations would bar a refiled action, *id.*; whether the plaintiff was warned that failure to accomplish service would result in dismissal, *Smith v. Glanz*, 662 F. App'x 595, 597-98 (10th Cir. 2016); *Shells-Blankenship v. Oklahoma*, 2021 WL 2447236, at *2 (W.D. Okla. June 15, 2021); whether the defendant is evading service or conceals a defect in attempted service, Fed. R. Civ. P. 4(m) advisory committee's note (1993); whether there is a need to protect a pro se plaintiff "from the consequences of confusion or delay attending the resolution of an in forma pauperis petition," *id.*; *see Riddle v. Wichita Public Schools*, 2005 WL 1563444, *4 (D. Kan. June 30, 2005) (using advisory committee notes for examples of "good cause"). Considering this non-exhaustive list, the undersigned recommends against exercising this Court's discretion to grant Plaintiff a permissive extension for the following reasons.

First, the Court acknowledges that Plaintiff is proceeding pro se and this fact weighs in favor of a permissive extension to some degree. However, Plaintiff was not required to accomplish service on Defendant Anaya. While the mechanics of service can challenge pro se plaintiffs, Plaintiff was required only to provide an address for Defendant Anaya which would make it possible for the Marshals Service to accomplish service. Moreover, when considering a permissive extension for Plaintiff, there is no need to protect him from the delay "attending the resolution of an in forma pauperis petition," Fed. R. Civ. P. 4(m) advisory committee's note (1993), because the Court has already excluded that time from the calculation of time expired under Rule 4(m). Consequently, the factors relating to Plaintiff's pro se status weigh lightly in favor of permissive extension.

Second, turning to the factors related to the mechanics of service (Defendant's conduct and the complex requirements of Rule 4(i)), they weigh against granting permissive extension. Defendant Anaya did not evade service but was cooperative when finally contacted by the Marshals Service. *See doc. 99* at 3. Defendant Anaya also did not conceal any defect in service. Indeed, Plaintiff was advised as early as September 26, 2019, that he had not properly served Defendant Anaya. Further, the multiple service requirements of Rule 4(i) are not implicated in Plaintiff's lawsuit. In fact, as noted above, he was not even required to effect service – only provide sufficient address information to permit the Marshals Service to do so. These factors weigh against granting a permissive extension.

Third, given the fact that Plaintiff's claims against Defendant Anaya relate to events which occurred in 2017, the undersigned presumes that the applicable statute of limitations would bar a refiled action against her. This fact weighs in favor of granting a permissive extension.

Fourth, Plaintiff was repeatedly and consistently warned that failure to provide sufficient address information for Defendant Anaya would result in dismissal. These warnings began on October 13, 2023, when Plaintiff was ordered:

> [W]ithin thirty days of the entry of this Order, Plaintiff shall file a written response providing a current address for Defendants Amanda Anaya … or show cause why his claims against those Defendants should not be dismissed. Failure to comply with this Order may result in dismissal of some or all of claims in the Complaint without further notice.

*Doc. 44* at 3. In response, Plaintiff failed to provide a current address, but instead submitted an address for a detention facility at which Defendant Anaya did not work. On January 23, 2024, Plaintiff was again ordered:

> within thirty (30) days from entry of this Order, Plaintiff shall provide valid addresses for service on Defendants Anaya and Douglas, or otherwise show cause in writing why he is unable to provide such addresses. Failure to comply with this Order may result in dismissal of his claims against these Defendants without further notice.

*Doc. 57* at 1-2. Again, Plaintiff failed to provide additional address information by the Court-ordered deadline. Instead, he reasserted that he had provided the address of the facility at which Defendant Anaya was employed which, as noted above, was untrue. On July 1, 2024, Plaintiff was again ordered:

13

> within thirty (30) days from entry of this Order, Plaintiff shall provide
> valid addresses for service on Defendants Anaya and Douglas. Failure to
> do so may result in dismissal of his claims without further notice.

*Doc. 81* at 2.  Again, Plaintiff failed to provide further address information for Defendant Anaya.  Instead, he again moved for free investigative services which were again denied.  *See docs. 82, 83*.  On July 19, 2024, Plaintiff was once more ordered:

> within thirty (30) days from entry of this Order, Plaintiff shall provide
> valid addresses for service on Defendants Anaya and Douglas. Failure to
> do so may result in dismissal of his claims without further notice.

*Doc. 84* at 3.  Plaintiff did not provide any further address information for Defendant Anaya by this deadline either.  Moreover, in the order overruling Plaintiff's objections to the denial of investigative services, the District Judge, on September 16, 2024, again ordered Plaintiff "to provide valid addresses for service on Defendants Anaya and Douglas within thirty (30) days of the entry of this order [and warned that f]ailure to do so may result in dismissal of his claims without further notice." *Doc. 87* at 1.  Yet again, this deadline passed without Plaintiff providing additional address information for Defendant Anaya.  It cannot be disputed that Plaintiff was repeatedly ordered to provide additional address information for Defendant Anaya and was repeatedly warned of the consequence of dismissal if he failed to do so.  This factor weighs heavily against granting a permissive extension.

Finally, the undersigned turns to the factor of prejudice to Defendant Anaya.  Defendant Anaya is sued for conduct that occurred approximately eight years ago.  While the undersigned is not holding Plaintiff responsible for much of that time which

14

transpired during the §1915A review and ensuing appeal, that fact does not reduce the prejudice to Defendant Anaya.  Even accepting Plaintiff's version of events and his legal theory of liability, Defendant Anaya was a minor participant in the alleged civil rights violation.  *See generally doc. 22*.  Requiring her to present a defense to events after so much time has passed would be extremely prejudicial.  As noted above, the Court presumes that the statute of limitations would bar Plaintiff's claims against her if they were brought now.  While this fact in part weighs in favor of granting a permissive extension, it also weighs against it given the extreme amount of time that has passed since the significant events.  *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980) (emphasizing the importance of the policies underlying statutes of limitations including the impairment of the accuracy of the fact-finding process when cases are long delayed).  Consequently, this factor weighs heavily against granting a permissive extension.

### III.    CONCLUSION

Considering all these factors, the undersigned recommends that the Court find that Plaintiff has not timely served Defendant Anaya as required by Rule 4(m).  Further, I recommend that the Court FIND that Plaintiff has not established good cause for that failure.  Finally, I recommend that the Court not grant Plaintiff a permissive extension of time to the deadline imposed by Rule 4(m).  With these findings, Plaintiff's service of Defendant Anaya was insufficient, and I recommend granting Defendant Anaya's motion to dismiss on that basis.

Dismissal on this basis is generally without prejudice.  *Baca v. Rodriguez*, 2013 WL 12147634, at *2 (D.N.M. Jan. 24, 2013).  However, some courts have granted dismissal with prejudice if it is apparent that a refiling after the Rule 4(m)/12(b)(5) dismissal would be barred by the applicable statute of limitation.  *See, e.g., Vasquez v. Jones*, 2023 WL 5934395, at *6 (D.N.M. Sept. 12, 2023).  Nonetheless, while the undersigned has assumed for the purposes of the Rule 4(m) analysis that Plaintiff's claims against Defendant Anaya would be subject to such a bar, the matter of tolling is not sufficiently briefed for a definitive conclusion on that issue.  As such, the recommendation will be a dismissal without prejudice.

**WHEREFORE, IT IS RECOMMENDED** that Defendant Anaya's Motion to Dismiss (*doc. 98*) be **GRANTED** for insufficiency of service of process.

**IT IS FURTHER RECOMMENDED** that the claims against Defendant Anaya be **DISMISSED WITHOUT PREJUDICE**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**